IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY DONOFRIO, individually
and on behalf of other Ohio
residents similarly situated,

    Plaintiff,

v.

AUTO-OWNERS (MUTUAL)
INSURANCE,

    Defendant.

:
:
:
:
:
:

Case No. 3:19-cv-58

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO
DISMISS (DOC. #7); PLAINTIFF'S MOTION FOR LEAVE TO FILE
NOTICE OF SUPPLEMENTAL AUTHORITY (DOC. #14),
DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF
SUPPLEMENTAL AUTHORITY (DOC. #15) AND PLAINTIFF'S
MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL
AUTHORITY (DOC. #16) OVERRULED AS MOOT; TELEPHONE
CONFERENCE CALL SET FOR TUESDAY, APRIL 7, 2020, AT 4:15
P.M.

---

Plaintiff, Mary Donofrio ("Plaintiff" or "Donofrio"), has filed a class action lawsuit alleging breach of contract against Auto-Owners (Mutual) Insurance Company ("Auto-Owners"). Doc. #1. Plaintiff alleges that her Dayton, Ohio, home was insured with Auto-Owners and that she suffered property damage that was covered under her homeowner's policy. Pursuant to the Auto-Owners policy, replacement and/or repair of the damage was required. Although Auto-Owners paid Donofrio for certain property damage, under its actual cash value ("ACV")

calculations, Plaintiff contends that Auto-Owners "improperly depreciated the cost of the labor" required to repair the damage to her home. As a result, Donofrio alleges that her claim was "under-indemnified" and Auto-Owners breached its contract of insurance.

This matter is before the Court on Auto-Owners's Motion to Dismiss, Doc. #7. Donofrio has filed a memorandum in opposition ("Memorandum"), Doc. #9, and Auto-Owner's has filed a Reply, Doc. #10. Plaintiff has filed two Motions for Leave to File Notice of Supplemental Authority, Docs. ##14 and 16, and Auto-Owners has also filed a Motion for Leave to File Notice of Supplemental Authority, Doc. #15. For the reasons set forth below, the Motion to Dismiss, Doc. #7, is overruled and the motions of the parties to file supplemental authority, Docs. ##14 15 and 16, are overruled as moot.

I. **BACKGROUND FACTS**

Auto-Owners is an insurance company domiciled in Michigan and licensed to do business in Ohio. Doc. #1, PAGEID#2. Donofrio contracted with Auto-Owners for an insurance policy providing coverage for her Dayton, Ohio, home and was insured under Auto-Owners Policy No. 48-123-267-00, also known as a HO-3 policy (the "Policy"). *Id.*, PAGEID#3; Doc. #1-1.

The Policy includes a replacement cost benefit. In general, this benefit permits the insured to either repair or replace the damaged property and receive from Auto-Owners the full cost, less the deductible and provided the amount does

2

not exceed the policy limits. Doc. #8, PAGEID#98. Alternatively, if the replacement cost value ("RCV") is not chosen, and the insured does not repair or replace the damaged property, the insured can elect to receive the actual cash value ("ACV") of the damaged property. Doc. #8, PAGEID#98; Doc. #1-1, PAGEID#22. The term ACV is not defined in the Policy. The Policy also includes an amendment entitled "Actual Cash Value Settlement for Roof Surfacing Damaged by Windstorm or Hail." Doc. #1-1, PAGEID#38; Doc. #8, PAGEID#98. Based on this amendment, only ACV coverage, and not full replacement coverage, is available for roof surfacing damaged by wind or hail. *Id.* RCV recovery was still available for (1) damage to other parts of the dwelling and (2) roof damage caused by forces other than wind or hail. *Id.*

On April 3, 2018, Plaintiff sustained wind damage to the roof of her home. Doc. #1, PAGEID##1-4; Doc. #1-2, PAGEID#63. The roof was approximately 15 years old. Doc. #8, PAGEID#98. A claim was submitted by Donofrio. Auto-Owners determined that it was contractually obligated to pay the claim under the Policy and an adjuster was sent to Plaintiff's home to adjust the loss. Doc. #1, PAGEID#4. Written estimates and correspondence were provided to Donofrio showing that the covered loss was $6,333.87. *Id.* The estimate included the cost of materials and labor necessary to complete the repairs. *Id.*

In calculating its payment obligations to Donofrio, Auto-Owners subtracted from this replacement cost estimate of $6,333.87, Plaintiff's $500.00 deductible and $2,729.02 for depreciation. *Id.* Defendant depreciated both the cost of the

3

materials and the labor costs associated with the repairs to the roof. *Id.* This resulted in a net ACV payment to Plaintiff of $3,104.85. *Id.*

Plaintiff alleges that Auto-Owners's custom and practice has been to pay its RCV policy holders the ACV of covered loss claims, net of any applicable deductible. *Id.* The Complaint alleges that while Auto-Owners may lawfully depreciate material costs in calculating the amount of an ACV payment owed to an insured, it may not depreciate the labor costs. By engaging in this practice, Plaintiff contends that Auto-Owners paid her less than what she was entitled to receive under the terms of the insurance contract and in doing so, materially breached its duty to indemnify her. *Id.* The Complaint identifies the following members of the putative class:

> All persons and entities that received 'actual cash value' payments, directly or indirectly, from Auto-Owners for loss or damage to a dwelling, business, or other structure located in the State of Ohio, such payments arising from events that occurred from February 22, 2018 through the date of trial of this Action, where the cost of labor was depreciated. Excluded from the Class are: (1) all persons and entities who received an actual cash value payment from Auto-Owners in the full amount of insurance shown on the declarations page; (2) Auto-Owners and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

Doc. #1, PAGEID#6.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint

5

must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

In ruling on a Rule 12(b)(6) motion, a court generally only considers the plaintiff's complaint. If, however, "... a plaintiff references or quotes certain documents, ... a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment." *Watermark Senior Living Retirement Communities, Inc. v Morrison Management Specialists, Inc.*, 905 F. 3d 421, 425 (6th Cir. 2018) (quoting *In re Omnicare, Inc. Sec. Litig., (Omnicare III)*, 769 F.3d 455, 466 (6th Cir. 2014).

### III. Legal Analysis

**Because the Policy Is Ambiguous and the Insured's Interpretation of How to Calculate Depreciation is Reasonable, Auto-Owners is Prohibited from Depreciating the Cost of Labor in Calculating the ACV of Plaintiff's Property Damage Claim.**

The issue presented in this case is whether under Ohio law, Auto-Owners is prohibited from depreciating the cost of labor in calculating the ACV of Plaintiff's property damage claim.

Because subject matter jurisdiction in this case is based on diversity of citizenship, 28 U.S.C. § 1332(d)(2), this Court applies the substantive law of Ohio. *See Klaxon Co. v. Stentor Elec. Mfg., Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, (1941); *G.G. Marck and Associates, Inc. v. Peng*, 762 Fed. Appx. 303 (6th Cir. 2019). In applying Ohio law, this Court first looks to whether the Ohio Supreme Court has addressed the issue and if not, the Court "must predict how the [state] court would rule by looking to all the available data, including intermediate appellate decisions." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (internal citations omitted).

Defendant asserts that Ohio law permits it to depreciate a property's total replacement cost, including labor, that the Policy language is not ambiguous because it does not define ACV and depreciation and that Plaintiff's interpretation of the Policy is unreasonable. Because the Ohio Supreme Court has not decided this issue, Auto-Owners cites the Court to *Heflrich v. Helfrich*, No. 97APF08-975, 1998 WL 63528, at *3 (Ohio Ct. App. Feb. 10, 1998) as being "entitled to

7

substantial weight." Doc. #8, PAGEID#102. *Helfrich*, an unpublished Court of Appeals opinion involving the calculation of child support, stated that it would be "fundamentally unsound" to exclude labor costs when depreciating replacement business equipment. Because the cited language is dicta, the state appellate court was not interpreting an insurance policy and the decision is unpublished, the Court does not consider this decision "on point." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989) ("Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise (citations omitted)).

Recently, however, in *Perry v. Allstate Indemnity Company*, -- F.3d --, 2020 WL 1284960 (6th Cir. March 18, 2020) the Sixth Circuit, in interpreting Ohio law, reversed the district court, *Perry v. Allstate Indemnity Co.*, No. 1:16-cv-01522, 2018 WL 6169311 (N.D. Ohio Nov. 26, 2018), and held that Allstate may not include the cost of labor in calculating depreciation under its policy. In reaching this decision, the Court of Appeals determined that Ohio law "requires courts to interpret the policy strictly against the insurer, so long as the insured's interpretation is reasonable." *Id.*, at *1.

> We hold, as many have, that Perry's reading of the term depreciation is a reasonable interpretation of an ambiguous policy, and thus that Allstate may not include the cost of labor in calculating depreciation under its policy.

*Id.*

8

In reaching its decision, the Sixth Circuit relied on an earlier decision, decided under Kentucky law, *Hicks v. State Farm Fire & Cas. Co.*, 751 Fed. Appx. 703 (6th Cir. 2018).[1] In *Hicks*, the Sixth Circuit reviewed an interlocutory appeal of a putative insurance class action in which State Farm Fire & Casualty Co. ("State Farm") challenged the method of calculation for structural damage coverage under its homeowner's insurance policies and Kentucky law. The *Hicks* decision interpreted "depreciation" to exclude labor costs. The Sixth Circuit in *Perry* stated that "[L]ike Ohio law, Kentucky law dictates that an ambiguous insurance policy must be construed strictly against an insurer and in favor of the insured so long as the insured's proposed interpretation is reasonable." *Id.* at *3. The Court noted that neither the *Hicks* nor the Allstate policy defined "depreciation." Additionally, although both Kentucky and Ohio regulations define ACV, the Court did not find the regulations helpful in clarifying the definition of "depreciation."

> Kentucky's regulations define ACV as 'replacement cost of property at the time of the loss less depreciation, if any.' (citation omitted) Ohio's regulations define ACV as 'replacement cost of property at the time of loss, including sales tax, less any depreciation.' OHIO ADMIN. CODE § 3901-1-54(I)(2)(a) (2016). Allstate makes much of the fact that the Kentucky regulations say 'depreciation, if any,' while the Ohio regulations say 'any depreciation.' In its view, 'any depreciation' means all types of depreciation. We read 'any depreciation' as simply saying 'whatever depreciation there happens to be." Allstate's interpretation just begs the question of what 'depreciation' means in the first place.

*Id.*

---

[1] Jeffery Bailey was initially a named plaintiff in the district court case but dismissed his claims. Because of this, the district court case referenced in *Hicks* is cited as "*Bailey v. State Farm Fire & Cas. Co.*, No. CIV.A. 14-53-HRW, 2015 WL 1401640, (E.D. Ky. Mar. 25, 2015).

On March 23, 2020, the Sixth Circuit decided *Cranfield v. State Farm Fire & Cas. Co.*, No. 19-3004. Like *Perry*, the State Farm policy in *Cranfield* did not expressly provide for labor-cost depreciation. Following a dispute with State Farm on the adjustment of his property damage claim, *Cranfield* filed a class action complaint which was dismissed by the district court, "holding that the State Farm policy unambiguously allowed for depreciation deductions for both material and labor costs." *Id.*, p. 4. The Sixth Circuit reversed the district court citing its recent decision in *Perry*.

Based upon the decisions of the Sixth Circuit in *Perry*, *Cranfield* and *Hicks*, Auto-Owners's Motion to Dismiss is overruled. Like the policies in *Perry*, *Cranfield* and *Hicks*, the Policy in this case does not define "depreciation." As such, the Policy is ambiguous, Plaintiff's "interpretation of 'depreciation' is a fair reading of an ambiguous term" and "her interpretation prevails against the insurer." *Perry* at *4.

### IV. Conclusion

Accordingly, for the reasons stated above, the Motion to Dismiss, Doc. #7, is OVERRULED. Plaintiff's Motion for Leave to File Notice of Supplemental Authority, Doc. #14, Motion for Leave to File Notice of Supplemental Authority, Doc. #16, and Auto-Owners's Motion for Leave to File Notice of Supplemental

10

Authority, Doc. #15, have been considered and, in light of the above, are OVERRULED as moot.

The Court will conduct a telephone status conference on Tuesday, April 7, 2020, at 4:15 p.m., to discuss the status of this case and to establish deadlines for further proceedings.

Date: March 26, 2020

*Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE