UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
SOUTHERN DIVISION
AT DAYTON

MARY DONOFRIO,
individually and on behalf of all other Ohio
residents similarly situated,

    Plaintiff,

v.

AUTO-OWNERS (MUTUAL) INSURANCE
COMPANY
6101 Anacapri Blvd.
Lansing, Michigan 48917-3999,

    Defendant.

CASE NO. 3:19-cv-58- WHR

## **ANSWER TO COMPLAINT**

For its answer to the Complaint (the "Complaint") of Plaintiff Mary Donofrio ("Plaintiff"), Defendant Auto-Owners Insurance Company ("Defendant") states as follows:

Defendant denies all allegations contained in the Complaint unless specifically admitted. Moreover, any factual allegation admitted below is admitted only as to the specific facts stated therein and not as to any conclusions (legal or otherwise), characterizations, implications, or speculation in the averment or the Complaint as a whole. To the extent that an averment includes a mix of alleged factual assertions and legal conclusions, Defendant denies such commingled allegations except those that are specifically admitted. Defendant denies any allegations set forth in the headings of the Complaint. Defendant incorporates this Preliminary Statement into each numbered paragraph of this Answer.

1

**Introduction**

1.   Defendant admits that it issued Policy No. 48-123-267-00 to Plaintiff; admits that this policy provided coverage for the house located at 945 Highridge Ave., Dayton, Ohio; states that the policy speaks for itself, and denies characterization inconsistent therewith; and lacks information sufficient to admit or deny the truth of the remaining allegations in this paragraph.

2.   Defendant admits that it compensated Plaintiff for damage to her property and paid her the estimated actual cash value ("ACV") of her loss. The remainder of Paragraph 2 states legal conclusions to which no response is required; to the extent that a response is required, Defendant denies these allegations.

3.   Defendant denies the allegations in this paragraph.

4.   Defendant denies the allegations in this paragraph.

5.   Paragraph 5 states legal conclusions to which no response is required; to the extent that a response is required, Defendant denies these allegations.

**Parties**

6.   Defendant admits the allegations in this paragraph.

7.   Defendant admits the allegations in this paragraph.

**Jurisdiction and Venue**

8.   The first sentence of Paragraph 8 states a legal conclusion to which no response is required; to the extent that a response is required, Defendant states that it lacks sufficient information to admit or deny the allegation. Defendant lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 8.

9.   Paragraph 9 states a legal conclusion to which no response is required; to the extent that a response is required, Defendant admits that it transacts business in Ohio and that this Court has personal jurisdiction over Defendant for purposes of this action.

10. Paragraph 10 states a legal conclusion to which no response is required; to the extent that a response is required, Defendant admits the allegations in this paragraph.

11. Paragraph 11 is a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, Defendant states that it has insufficient information to admit or deny the allegations.

**Factual Background**

12. Defendant admits that it issued Policy No. 48-123-267-00 to Plaintiff; admits that this policy provided coverage for the house located at 945 Highridge Ave., Dayton, Ohio; and admits that Exhibit A is a copy of this policy. Defendant states that the policy speaks for itself, and denies characterization inconsistent therewith.

13. Defendant admits that Plaintiff submitted a claim requesting payment for alleged damage to her property. Defendant lacks information sufficient to admit or deny the truth of the allegations in this paragraph.

14. Defendant admits that it determined Plaintiff had sustained a covered loss under the terms of her insurance policy, states that the policy speaks for itself, and denies any characterization inconsistent therewith. Defendant lacks information sufficient to admit or deny the truth of the remaining allegations in this paragraph.

15. Defendant admits that its field claims representative inspected the alleged damage to the Insured Property; denies that this occurred "soon after" the alleged loss date of April 3, 2018; admits that its field claims representative estimated the replacement cost value of Plaintiffs' loss to be $6,333.87; denies that its field claims representative determined that Plaintiff had suffered a covered loss in this amount; admits that the estimate include line items reflecting materials and labor costs; and admits that Exhibit B is a copy of the estimate sent to Plaintiff. Defendant denies the remaining allegations in this paragraph.

16. Defendant admits that it estimated the net ACV of Plaintiffs' loss by subtracting the $500 deductible and $2,729.02 of depreciation from the estimated replacement cost value, resulting in a net ACV payment of $3,104.85. Defendant denies the remaining allegations in this paragraph.

17. Defendant states that the estimate speaks for itself, and denies any characterization inconsistent therewith.

**Policy Terms and Claims Settlement Practices**

18. This paragraph states a legal conclusion to which no response is required. To the extent further response is required, Defendant states that its policies, including the policies issued to Plaintiff and members of the putative class, speak for themselves, and denies any characterization inconsistent therewith.

19. Defendant denies the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent further response is required, Defendant states that its policies, including the policies issued to Plaintiff and members of the putative class, speak for themselves, and denies any characterization inconsistent therewith.

20. Defendant admits that its field claims representatives often estimate the ACV of a policyholder's loss by estimating the damaged property's replacement cost value ("RCV") and then subtracting estimated depreciation from the RCV. Defendant denies all remaining allegations in this paragraph.

21. Paragraph 21 states legal conclusions to which no response is required; to the extent that a response is required, Defendant states that Black's Law Dictionary speaks for itself, denies any characterization inconsistent therewith, and denies the remaining allegations in this paragraph.

22. Paragraph 22 states legal conclusions to which no response is required; to the extent that a response is required, Defendant admits that the basic purpose of property insurance is to indemnify the insured in accordance with the contract of insurance; admits that one purpose of actual cash value coverage is to accomplish indemnity; admits that one definition of indemnity is to restore the insured to the position he or she was in before the loss; admits that RCV coverage can exceed ACV coverage depending on the terms of the contract of insurance; states that Appleman on Insurance speaks for itself, and denies any characterization inconsistent therewith; and denies all remaining allegations in this paragraph.

23. Defendant denies the allegations in this paragraph.

24. Defendant denies the allegations in this paragraph.

25. Defendant states that the statements of the Ohio Department of Insurance speak for themselves, and denies any characterization inconsistent therewith. To the extent further response is required, Defendant lacks information sufficient to admit or deny the truth of the allegations in this paragraph.

## Class Action Allegations

26. The allegation in the first sentence of Paragraph 26 is a characterization of Plaintiff's claims to which no response is required. To the extent further response is required, Defendant admits that Plaintiff purports to bring this lawsuit as a class action under Fed. R. Civ. P. 23 but denies that this case meets the requirements for certification of a class. Defendant denies the remaining allegations in this paragraph.

27. The allegation in Paragraph 27 is a characterization of Plaintiff's claims to which no response is required.

28. The first sentence of Paragraph 28 states a legal conclusion to which no response is required; to the extent that a response is required, Defendant lacks information sufficient to

admit or deny the truth of the allegations. In response to the second sentence of Paragraph 28, Defendant lacks information sufficient to admit or deny the truth of the allegations about Plaintiff's beliefs, and denies that the alleged belief is reasonable or grounded in fact. For avoidance of doubt, Defendant denies that its actions have damaged "hundreds of not thousands of people" in Ohio. Defendant denies the allegations in the third sentence of Paragraph 28.

29. Defendant denies the allegations in this paragraph.

30. Defendant denies the allegations in this paragraph.

31. Defendant denies the allegations in this paragraph.

32. Defendant denies the allegations in this paragraph.

33. Defendant denies the allegations in this paragraph.

34. Defendant denies the allegations in this paragraph.

35. Defendant denies the allegations in this paragraph.

## Count I – Breach of Contract

36. Defendant restates and incorporates by reference its answers to all preceding paragraphs.

37. Defendant admits that it entered into a policy of insurance with Plaintiff. Defendants admit that Plaintiffs purport to define a class of Defendant's policyholders. The remaining allegations state legal conclusions to which no response is required. To the extent further response is required, Defendant states that the relevant policies speak for themselves, and denies any characterization inconsistent therewith.

38. Defendant admits that it drafted the insurance policy issued to Plaintiff; denies that this case is appropriate for class certification or class treatment, and therefore denies that any policy other than the policy issued to Plaintiff is at issue in this case. Defendant states that its policies speak for themselves, and denies any characterization inconsistent therewith.

39. Paragraph 39 states legal conclusions to which no response is required; to the extent that a response is required, Defendant states that its policies speak for themselves, and denies any characterization inconsistent therewith.

40. Defendant states that its policies speak for themselves, and denies any characterization inconsistent therewith. Defendant admits that, for certain claims in Ohio between 2018 and the present, it has made initial payments on an ACV basis, and denies the remaining allegations in this paragraph.

41. Defendant denies the allegations in this paragraph.

42. Defendant denies the allegations in this paragraph.

43. Defendant denies the allegations in this paragraph.

44. Defendant denies the allegations in this paragraph.

## **Demand for Relief**

Defendant denies any and all allegations contained in Plaintiff's jury demand and prayer for relief, denies that Plaintiff is entitled to any of the orders or relief requested in the Complaint, and requests that Plaintiff take nothing by this suit and that this matter be dismissed with prejudice.

## **AFFIRMATIVE DEFENSES**

Defendant does not concede that it has the burden of proof on any defense set forth below. Defendant reserves the right to assert any additional affirmative or avoidance defenses as may become applicable and apparent during the course of this action.

1. The Complaint fails to state a claim for which relief may be granted as to Plaintiff and some of all members of the putative class.

2. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, because Plaintiff and some or all members of the putative class have not been injured or suffered any damages as a result of Defendant's acts or omissions.

3. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, by the individual insured's failure to mitigate damages.

4. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, to the extent the individual insured has already been fully compensated for his or her loss.

5. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, to the extent the individual insured has already received the benefit of his or her bargain.

6. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, by the applicable statute of limitations and/or the contractual limitation periods set forth in each individual insured's respective insurance policy.

7. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, because Defendant fully performed and satisfied its obligations under the contracts and agreements that governed the relationship between the parties.

8. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, by the doctrines of payment, accord and satisfaction, recoupment, set-off and/or election of remedies.

9. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, by the individual insured's failure to comply with all duties, obligations, and conditions precedent under her or his insurance policy.

10. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, by the individual insured's failure to comply with all requirements relating to the appraisal process set forth in his or her insurance policy.

11. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, by the doctrines of standing, equitable estoppel, laches, unclean hands, and/or waiver.

12. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, by settlement and release.

13. Some or all claims of Plaintiff and members of the putative class are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

14. Plaintiff and members of the putative class are not entitled to recover pre- or post-judgment interest because Plaintiff and some or all members of the putative class cannot demonstrate the requirements for such recovery under Ohio law.

15. The Complaint's prayers for declaratory and injunctive relief are barred because Plaintiff and members of the putative class have adequate remedies at law.

Dated: May 8, 2020                                  Respectfully submitted,

                                                     s/ Glen R. McMurry
                                                   Glen R. McMurry (0082600)
                                                   TRIAL ATTORNEY
                                                   Dinsmore & Shohl LLP
                                                   1 South Main Street, Suite 1300
                                                   Dayton, Ohio 45402
                                                   Ph: (937) 449-6400
                                                   Fx: (937) 449-2836
                                                   Email: glen.mcmurry@dinsmore.com

                                                   Todd A. Noteboom (MN #240047) (pro hac vice)
                                                   Peter J. Schwingler (MN #0388909) (pro hac vice)
                                                   50 South Sixth Street, Suite 2600
                                                   Minneapolis, MN 55402
                                                   Telephone: (612) 335-1500
                                                   Facsimile: (612) 335-1657
                                                   todd.noteboom@stinson.com
                                                   peter.schwingler@stinson.com

                                                   **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2020 a copy of the foregoing document was filed via the Court's electronic filing system (CM/ECF), which will send electronic notification of such filing to all parties represented by attorneys who are registered CM/ECF users.

                                                   s/ Glen R. McMurry
                                                   Glen R. McMurry (0082600)
                                                   TRIAL ATTORNEY
                                                   Dinsmore & Shohl LLP
                                                   1 South Main Street, Suite 1300
                                                   Dayton, Ohio 45402
                                                   Ph: (937) 449-6400
                                                   Fx: (937) 449-2836
                                                   Email: glen.mcmurry@dinsmore.com