UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
at DAYTON

| | | |
|---|---|---|
| MARY DONOFRIO individually and on behalf of all other Ohio residents similarly situated, | ) ) ) ) | Judge Walter H. Rice |
| Plaintiff, | ) ) | Case No.: 3:19-cv-58 |
| v. | ) ) ) | |
| AUTO-OWNERS (MUTUAL) INSURANCE COMPANY | ) ) ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

The Court finds that, in the course of discovery, the Parties are likely to request and anticipate producing documents and information that the Parties believe in good faith are sensitive, confidential, and/or proprietary; that the Parties have agreed to this Stipulated Protective Order for the purpose of protecting such information while facilitating its production; and that this Stipulated Protective Order should minimize this Court's involvement in adjudicating disputes among the Parties arising from the production of such information.

The Parties assert in support of their request that protection of the identified categories of confidential information is necessary because of the sensitive and confidential nature of the discovery already sought and likely to be sought in this action. That discovery includes information that implicates confidential and/or competitively sensitive business information of both Parties. Therefore, for good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' joint

1

request, and it is hereby ORDERED that the following provisions shall govern the handling of information and documents produced by any Party in this action:

1. As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record, counsel retained to represent any party for purposes of this action, and in-house counsel for any party;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a document "Confidential" to protect Confidential information. "Confidential information" means information or documents that fall within one or more of the following categories:

    (a) information protected from disclosure by statute and/or regulation, such as the private and personal identification, financial, and/or medical information of non-party insureds and claimants;

    (b) trade secrets and/or competitively sensitive, technical, commercial or financial information that the party has maintained as confidential;

    (c) proprietary business information maintained as confidential, such as contracts with non-party vendors, internally developed training material, claim handling information and claims data, and damage estimating information;

    (d) information a party is contractually bound to protect as confidential; and

    (e) personnel or employment records of persons who are not parties to this action.

Information or documents that are available to the public may not be designated as Confidential information.

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. For example, a designating party must designate for protection only those parts of a deposition that are confidential so that other portions of the deposition are not swept unjustifiably within the ambit of the Order.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to Confidential information shall be limited to:

    (a)    the Court and its staff;

    (b)    Attorneys, their law firms, and their Outside Vendors;

    (c)    deponents and witnesses in this action to whom disclosure is reasonably necessary, but only during the course of their deposition or examination, and only if counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential information is relevant to events, transactions, discussions, communications, or data about which the witness may have knowledge;

    (d)    persons shown on the face of a document to have authored or received it;

    (e)    court reporters retained to transcribe testimony and video equipment operators;

    (f)    the parties and their Outside Vendors;

     (g)    outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

     (h)    Mediators and/or Special Masters who may serve in this matter;

     (i)    Jurors; and

     (j)    Other persons by written consent of the producing party or as otherwise authorized by the Court.

Nothing in this Protective Order requires the Court to seal the courtroom.

5.    Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.    Each person appropriately designated pursuant to paragraphs 4(g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be a current employee or current agent of, or current consultant to, any business competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after

receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the electronic case filing procedures for the Southern District of Ohio. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

10. Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced

documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. Confidential Information Subpoenaed or Ordered Produced in Other Litigation:

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) days after receiving the subpoena or order, and at least five (5) days prior to producing documents or information in response to the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential information in the court from which the subpoena or order issued. The designating party will bear the burden and the expense of seeking protection in that court of its Confidential information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential information of the other party to this case.

12.     Within 60 days after written request by the designating party and the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Upon written request, each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action. Nothing in this Order requires counsel to return or destroy copies of pleadings, depositions or e-mail communications between counsel.

13.     Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15.     The obligations imposed by the Protective Order shall survive the termination of this action.

        **IT IS ORDERED** that confidential information may be disclosed only in the designated ways set forth herein.

*(signature)* (tp - per Judge Rice authorization after his review)
Judge Walter H. Rice

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____ .

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. _____, pending in the United States District Court for the Southern District of Ohio. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____      _____
           (Date)                              (Signature)

8

Submitted: June 29, 2020

| | |
|---|---|
| /s/ Erik D. Peterson<br>STEPHEN G. WHETSTONE (0088666)<br>Email: steve@whetstonelegal.com<br>**Whetstone Legal, LLC**<br>P.O. Box 6<br>2 N. Main Street, Unit 2<br>Thornville, Ohio 43076<br>Telephone: 740.974.7730<br>Facsimile: 614.829.3070<br><br>M. AUSTIN MEHR (KY Bar 47064)<br>PHILIP G. FAIRBANKS (KY Bar 91994)<br>ERIK D. PETERSON (KY Bar 93003)<br>**Mehr, Fairbanks & Peterson**<br>**Trial Lawyers, PLLC**<br>201 West Short Street, Suite 800<br>Lexington, Kentucky 40507<br>Telephone: 859-225-3731<br>Facsimile: 859-225-3830<br>Email: amehr@austinmehr.com<br>Email: pgf@austinmehr.com<br>Email: edp@austinmehr.com<br><br>***Attorneys for Plaintiff and***<br>***Proposed Class*** | /s/ Sharon R. Markowitz<br>Glen R. McMurry (0082600)<br>TRIAL ATTORNEY<br>Dinsmore & Shohl LLP<br>1 South Main Street, Suite 1300<br>Dayton, Ohio 45402<br>Ph: (937) 449-6400<br>Fx: (937) 449-2836<br>Email: glen.mcmurry@dinsmore.com<br><br>Todd A. Noteboom (MN #240047) (*pro hac vice*)<br>Peter J. Schwingler (MN #0388909) (*pro hac vice*)<br>Sharon R. Markowitz (MN #392043) (*pro hac vice*)<br>50 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402<br>Telephone: (612) 335-1500<br>Facsimile: (612) 335-1657<br>todd.noteboom@stinson.com<br>peter.schwingler@stinson.com<br>sharon.markowitz@stinson.com<br><br>***Attorneys for Defendant Auto-Owners***<br>***(Mutual) Insurance Company*** |