UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
at DAYTON
*Electronically Filed*

| | |
|---|---|
| MARY DONOFRIO, individually and on behalf of all other Ohio residents similarly situated, | Judge Walter H. Rice |
| Plaintiff, | Case No.: 3:19-cv-58 |
| v. | |
| AUTO-OWNERS (MUTUAL) INSURANCE COMPANY | |
| Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND SCHEDULING A FINAL APPROVAL HEARING**

_____

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiff Mary Donofrio, on behalf of herself and the proposed Settlement Class (collectively "Plaintiff"), respectfully moves for an order certifying a settlement class solely for purposes of preliminarily approving a settlement agreement, and further ordering preliminary approval in accordance with the terms and conditions set forth in the proposed preliminary approval order, attached as Exhibit A to the Settlement Agreement filed concurrently herewith.

Defendant Auto-Owners (Mutual) Insurance Company ("Defendant") will not oppose this motion for approval of a settlement.[1] For purposes of preliminarily approving the Settlement Agreement only, Plaintiff seeks certification of a Settlement Class defined as follows:

> All of Defendant's property insurance policyholders who made a Structural Loss claim: (a) for property located in the State of Ohio during the applicable Class Periods; that (b) resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible, but excluding: i)Policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, i.e., by express use of the words "depreciation" and "labor"; ii) Policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; iii) Policyholders whose claims were denied or abandoned without ACV Payment; iv) Defendant and its officers and directors; v) Members of the judiciary and their staff to whom this action is assigned and their immediate families; and vi) Class Counsel and their immediate families (collectively, "Exclusions").
>
> The Class Periods mean the following time periods:
>
> For policyholders with policies containing a one-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2018.
>
> For policyholders with policies containing a two-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2017.

Also, for purposes of preliminarily approving the Settlement Agreement, Plaintiff further requests that she be appointed class representative, and that the undersigned counsel be appointed as counsel for the class. In support of her motion, Plaintiff states and shows as follows:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for

---

[1] As Paragraphs 1.5-1.6 of the Settlement makes clear, however, Defendant denies liability and absent settlement intends to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for preliminary approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because counsel estimate that notice will be issue for thousands of claims at issue or potentially at issue. Defendant has thousands of claims at issue.

3. Commonality under Rule 23(a)(2) is satisfied for the proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question presented—whether Defendant can withhold labor as depreciation under Defendant's property insurance policies. Plaintiff's entitlement to prejudgment interest also presents a common issue.

4. Typicality under Rule 23(a)(3) is satisfied for the proposed settlement class because Plaintiff made a claim under her standard-form insurance policy, and Defendant withheld labor or other non-materials in making an actual cash value payment to them. The proposed class representative's claim arose from the underpayment of her actual cash value claim, and her claim is identical in all respects to the claims of the putative class.

5. Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiff has fairly and adequately represented and protected the interests of the putative class. Plaintiff has no interest that conflicts with those of the class. Further, she retained experienced counsel competent and experienced in class action and insurance litigation.

6. As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominates over any questions affecting only individual

members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendant's policies. Superiority is satisfied for the settlement class because of, *inter alia*, the thousands of small value claims at issue, and the interests of the parties and judicial economy favor settlement.

7. Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving parties demonstrate that the court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

8. Pursuant to Rule 23(e)(3), Plaintiff states that the only agreement at issue is the Class Action Settlement Agreement attached hereto as Exhibit 1.

9. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, 2011 U.S. Dist. LEXIS 17255, at *46-47 (E.D. Mich. Feb. 22, 2011).

10. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for preliminary approval. In summary, the Settlement provides the following categories of relief:

> **Settlement Class Members With Still Withheld Non-Material Depreciation**: Ohio policyholders from whom non-material depreciation was withheld and not subsequently recovered, and who submit a Claim Form, will receive a net payment of 100% of the withheld non-material depreciation, plus simple interest at the rate

of 5% per annum on the net estimated Nonmaterial Depreciation determined under this section, from the date of the last ACV Payment to the date of Preliminary Approval.

**Settlement Class Members Without Still Withheld Non-Material Depreciation**: Ohio policyholders from whom non-material depreciation may have been initially withheld, but was subsequently repaid in full (*i.e.*, through receipt of replacement cost benefits), and who submit a Claim Form, will receive $25 payment.

11. The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the systemic practice of withholding of nonmaterial depreciation). All unrelated matters will continue to be adjusted and handled by Defendant in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Plaintiff's counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum of Law and accompanying Declarations of Plaintiff's counsel, Plaintiff respectfully moves for an order consistent with the proposed preliminary approval order attached as Exhibit A to the Settlement Agreement, filed concurrently herewith.

Dated: March 10, 2022

Respectfully submitted,

 /s/ Stephen G. Whetstone
STEPHEN G. WHETSTONE (0088666)
Email: steve@whetstonelegal.com
Whetstone Legal, LLC
P.O. Box 6

        2 N. Main Street, Unit 2
Thornville, Ohio 43076
Telephone: 740.785.7730
Facsimile: 740.205.8898

and

Erik D. Peterson (*pro hac vice*)
ERIK PETERSON LAW OFFICES, PSC
150 East Short Street, Suite 150
Lexington, KY 40507
T: 800-614-1957
erik@eplo.law

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and served via the Court's ECF filing system which will send electronic notices of same to all counsel of record on this the 10th day of February 2022.


/s/ *Stephen G. Whetstone*