UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
SOUTHERN DIVISION
AT DAYTON

| | | |
|---|---|---|
| MARY DONOFRIO,<br>individually and on behalf of all other Ohio<br>residents similarly situated, | ) ) ) ) | |
| | ) | CASE NO. 3:19-cv-58-WHR |
| Plaintiff, | ) ) | **STIPULATION AND SETTLEMENT** |
| v. | ) ) | **AGREEMENT** |
| AUTO-OWNERS (MUTUAL) INSURANCE<br>COMPANY<br>6101 Anacapri Blvd.<br>Lansing, Michigan 48917-3999, | ) ) ) ) ) | |
| Defendant. | ) ) | |

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff Mary Donofrio ("Representative Plaintiff"), individually and on behalf of herself and the Settlement Class as defined herein, and Defendant Auto-Owners (Mutual) Insurance Company ("Defendant"), that, in consideration of the promises and covenants set forth in this Stipulation and Settlement Agreement ("Agreement") and, upon entry by the Court of an order of Final Judgment in the lawsuit captioned *Donofrio et. al. v. Auto-Owners (Mutual) Insurance Company, et. al.,* No. 3:19-cv-58 ("Action"), and the matters raised by, or which could have been raised by, Representative Plaintiff in the Action against Defendant are settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions set forth in this Agreement.

1.    **RECITALS**

1.1.    On February 25, 2019, Plaintiff Mary Donofrio filed a putative class action against Defendant in the Court, alleging that Defendant improperly deducted Nonmaterial Depreciation from actual cash value payments when adjusting claims for structural losses. Plaintiff Donofrio

1

alleged claims on behalf of a class of Defendant's insureds with structural loss claims in Ohio for breach of contract and declaratory judgment.

1.2.    Representative Plaintiff negotiated and reached an agreement in principle with Defendant on the terms of a class settlement of claims in this Action.

1.3.    Class Counsel submit that they have significant experience with Nonmaterial Depreciation claims, having represented insureds in numerous putative class actions. Based on this experience, Class Counsel believe that Representative Plaintiff's claims and allegations relating to Nonmaterial Depreciation asserted in the Action have significant merit. Class Counsel recognize and acknowledge, however, that prosecuting such claims through further fact and expert discovery, class certification, dispositive motions, trial, and appeals will involve considerable uncertainty, time, and expense.

1.4.    Class Counsel have concluded that it is in the best interests of the Settlement Class that the claims asserted by Representative Plaintiff against Defendant in the Action be resolved on the terms and conditions set forth in this Agreement. After extensive consideration and analysis of the factual and legal issues presented in the Action, and extensive and multiple settlement negotiation sessions, Class Counsel have reached the conclusion that the substantial benefits that Class Members will receive as a result of this Settlement are a very good result in light of the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial and any appeals that might be taken, and the likelihood of success at trial.

1.5.    Defendant has denied and continues to deny each and every allegation of liability, wrongdoing, and damages, as it believes it has substantial factual and legal defenses to all claims and class allegations relating to Nonmaterial Depreciation in the Action. Defendant has always

2

maintained, and continue to maintain, that it has acted in accordance with all applicable agreements and governing law. Nonetheless, Defendant has concluded that because the continuation of the claims and allegations in the Action would be protracted and expensive, it is desirable that such claims be fully and finally settled on a class-wide basis (without any admission of fault or liability) in the manner and upon the terms set forth in this Agreement.

1.6. Without admitting any liability or wrongdoing, Defendant agrees to the terms of this Agreement, provided that Final Judgment approving the Settlement is entered and all Released Claims are settled, compromised, and released, in order to resolve all issues relating to Nonmaterial Depreciation that were asserted, or that could have been asserted, in the Action.

## 2. DEFINITIONS

In addition to terms defined elsewhere in this Agreement, the following terms shall be defined as follows:

2.1. "Action" means the lawsuit captioned *Mary Donofrio, et al. v. Auto-Owners (Mutual) Insurance Company*, Case No. 3:19-cv-58, pending in the federal district court for the Southern District of Ohio, Southern Division at Dayton.

2.2. "ACV Payment" means an actual cash value payment made on an insurance claim for a Structural Loss, calculated by estimating the replacement cost value of covered damage, and subtracting estimated depreciation, including Nonmaterial Depreciation, and any applicable deductible.

2.3. "Administrator" means Atticus Administration, LLC, a third-party administrator retained by Defendant to assist in administering and implementing the Settlement.

2.4. "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity directly or indirectly. The term "control" means the

possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through the ownership of voting securities, by contract or otherwise, and the terms "controlled" and "controlling" have meanings correlative thereto.

2.5. "Agreement" means this Stipulation and Settlement Agreement, including all exhibits thereto.

2.6. "Claim Form" means the Court-approved claim form, without material change from Exhibit C, that a Class Member must submit to be considered eligible for a Claim Settlement Payment under the Settlement as provided in Sections 6 and 7.

2.7. "Claim Settlement Payment" means the sole payment to which a Class Member filing a valid and timely Claim Form may be entitled, as described in Section 6.

2.8. "Claim Deadline" means the date by which the Claim Forms must be postmarked in order to be considered timely, as further provided in Section 6.2.

2.9. "Class Counsel" means individually and collectively, the attorneys approved and appointed by the Court to represent the Settlement Class, including:

Erik D. Peterson (*pro hac vice*)
ERIK PETERSON LAW OFFICES, PSC
349 E. Main Street, Suite 150
Lexington, KY 40507
T: 800.614.1957
erik@eplo.law

Stephen G. Whetstone (0088666)
Whetstone Legal, LLC
P.O. Box 6
2 N. Main Street, Unit 2
Thornville, Ohio 43076
T: 740.785.7730
steve@whetstonelegal.com

2.10. "Class Member" means any Person who (a) is included within the definition of the Settlement Class and (b) does not timely and properly request exclusion from the Settlement Class, as provided in Section 10.

CORE/3503246.0008/166134578.3

2.11.    "Class Notice" means the notice mailed to potential Class Members of the preliminary approval of this Agreement and of the proposed Settlement, as provided in Section 5.3.

2.12.    "Class Periods" mean the following time periods:

   2.12.1.    For policyholders with policies containing a one-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2018.

   2.12.2.    For policyholders with policies containing a two-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2017.

2.13.     "Court" means the United States District Court, Southern District of Ohio, Southern Division at Dayton, in which the Action is pending.

2.14.    "Covered Loss" means a first party insurance claim for Structural Loss, as defined below, that (a) occurred during the applicable Class Period, and (b) resulted in an ACV Payment by Defendant, or would have resulted in an ACV Payment but for the deduction of Nonmaterial Depreciation.

2.15.     "Defendant's Counsel" means:

Todd A. Noteboom (MN #240047) (pro hac vice)
Peter J. Schwingler (MN #0388909) (pro hac vice)
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
todd.noteboom@stinson.com
peter.schwingler@stinson.com

Matthew J. Bakota (0079830)
Dinsmore & Shohl LLP
1 South Main Street, Suite 1300
Dayton, Ohio 45402
Ph: (937) 449-6400
Fx: (937) 449-2821
matthew.bakota@dinsmore.com

2.16.     "Effective Date" means the date on which all of the following conditions have been satisfied:

(a) The District Court has entered a Final Approval Order that conforms to the terms and conditions required by this Agreement; and

(b) The Final Approval Order and judgment have become final.

2.17. "Final" when referring to a judgment or order means that: (A) all periods within which to file an appeal from the order or judgment have expired without the filing of any appeal, or (B) in the event that an appeal from the order of judgment is filed, a final order has been entered disposing of the appeal, and any time for seeking leave to appeal or time for further appeal has expired.

2.18. "Final Approval Hearing" means a hearing to consider final approval of the Proposed Settlement and entry of Final Judgment, as provided in Section 12.

2.19. "Final Judgment" means the order and judgment to be entered by the Court substantially the same in form and content as Exhibit E without material change (as determined by Defendant or Class Counsel), adopting this Agreement, approving the Settlement as reasonable, adequate, and in the best interests of the Class Members, and fully and finally disposing of all claims asserted in the Action against Defendant. If Defendant or Plaintiff contends there is a material change to Exhibit E, then such parties shall immediately terminate this Agreement as provided for herein.

2.20. "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate, a guardian, conservator, attorney-in-fact, or next friend of an incapacitated Class Member or any other legally appointed Person or entity responsible for the handling of the business affairs of a Class Member, in all cases as established by written evidence of a Legally Authorized Representative's authority.

2.21. "Neutral Evaluator" means the final and binding arbiter of any dispute concerning a Class Member's eligibility for or amount of any Claim Settlement Payment, as set forth in

Sections 7.8, 7.9, and 7.10, who will be identified and retained by Defendant, with Class Counsel's consent, not to be unreasonably withheld.

2.22.    "Nonmaterial Depreciation" means, in the Xactimate estimating software platform, the amount of depreciation attributable to the selection of "Depreciate Non- Material," "Depreciate Overhead and Profit" and/or "Depreciate Removal."

2.23.    "Parties" means Representative Plaintiff and Defendant.

2.24.    "Person" means any natural person, individual, corporation, limited liability company, association, partnership, trust, or any other type of legal entity.

2.25.    "Preliminary Approval" means the Preliminary Approval Order substantially the same in form and content as Exhibit A without material change (as determined by Defendant or Plaintiff) to be entered by the Court, as provided in Section 3.2.

2.26.    "Proposed Settlement" and "Settlement" mean the settlement described in this Agreement.

2.27.    "Released Claims" means the claims released by Final Judgment, as defined in Section 9.1.

2.28.    "Released Persons" means, individually and collectively, (a) Defendant and all independent adjusting companies acting on its behalf; and (b) all of the past and present Affiliates, successors and predecessors in interest, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, underwriters, advisers, insurers, co-insurers, re-insurers, consultants, vendors, independent contractors, and legal representatives of the Persons listed in subsection (a).

2.29.    "Releasing Persons" mean Representative Plaintiff, all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

2.30.    "Representative Plaintiff" means Mary Donofrio, individually and as representative of the Settlement Class, as the context may indicate.

2.31.    "Settlement Class" means all of Defendant's property insurance policyholders who made a Structural Loss claim: (a) for property located in the State of Ohio during the applicable Class Periods as defined in Section 2.12; that (b) resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible, but excluding:

2.31.1.    Policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, i.e., by express use of the words "depreciation" and "labor";

2.31.2.    Policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance;

2.31.3.    Policyholders whose claims were denied or abandoned without ACV Payment;

2.31.4.    Defendant and its officers and directors;

2.31.5.    Members of the judiciary and their staff to whom this action is assigned and their immediate families; and

2.31.6.    Class Counsel and their immediate families.

CORE/3503246.0008/166134578.3

2.32. "Structural Loss" means physical damage to a home, building, manufactured home, condo, rental dwelling, or other structure in the State of Ohio while covered by a personal or commercial lines policy of insurance issued by Defendant, including but not limited to a homeowners residential, manufactured home, condo, dwelling, commercial property, business owners, garage keepers, or rental property insurance policy.

2.33. "Unknown Claim" is defined in Section 9.2.

## 3. CONDITIONS

3.1. The Settlement is expressly contingent upon the satisfaction in full of the material conditions set forth below, including all other terms and conditions of this Agreement.

3.2. **Condition No. 1: Approval**. The Settlement must be approved by the Court in accordance with the following steps:

    3.2.1. **Motion for Preliminary Approval**. After good faith consultation with Defendant's Counsel, Class Counsel will file with the Court a motion for preliminary approval within three (3) days of execution of this Agreement by all Parties. The motion for preliminary approval shall include a Preliminary Approval Order, a Class Notice, Claim Form, a Postcard Notice, and a Final Judgment, all substantially in form and content as Exhibits A-E. The Parties shall take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order and shall request that the Court schedule a Final Approval Hearing no earlier than seventy-five (75) days after entry of the Preliminary Approval Order. Defendant may, but is not required to, file a memorandum in support of the motion for preliminary approval.

    3.2.2. **Settlement Class Certification**. Pursuant to the motions for preliminary and final approval of the proposed Settlement, Representative Plaintiff shall seek orders (preliminary and final, respectively) certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

    3.2.3. **Entry of Preliminary Approval Order**. The Court shall enter a Preliminary Approval Order substantially similar in form and content as Exhibit A, which shall, among other things:

        a. Certify for purposes of settlement the Settlement Class, approving Representative Plaintiff as class representative of the

Settlement Class, and appoint Class Counsel, pursuant to Fed. R. Civ. P. 23;

b.      Preliminarily approve the Settlement as fair, reasonable and adequate and approve selection of the Administrator;

c.      Order the issuance of Class Notice to Class Members pursuant to this Agreement, and determine that such Notice complies with all requirements, including, but not limited to, Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution;

d.      Schedule a date and time for a Final Approval Hearing to determine whether the Settlement should be finally approved by the Court;

e.      Require persons within the Settlement Class who wish to exclude themselves to submit an appropriate and timely written request for exclusion by the opt out deadline in the Preliminary Approval Order, and advise that a failure to do so shall bind those Class Members who remain in the Settlement Class;

f.      Require Class Members who wish to object to the Settlement to submit a timely written objection by an objection deadline in the Preliminary Approval Order, and advise that a failure to do so shall prevent those Class Members from objecting to the Settlement;

g.      Require any Class Member who objects to the Settlement and wishes to appear at the Final Approval Hearing to file a notice of intent to appear;

h.      Provide that the Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video so as to allow the Final Approval Hearing to proceed despite any limitations on in-court hearings related to the COVID-19 pandemic and provide that any Class Member who files a notice of intent to appear shall be provided with information necessary to access the telephone or video hearing;

i.      Order that the Class Notice and Claim Form be sent to Class Members and set the Claim Deadline;

j.      Preliminarily enjoin all Class Members, unless and until they have timely and properly excluded themselves from the Settlement Class, from (i) filing, commencing, prosecuting, maintaining, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction,

individually or as a class action on behalf of any Class Members who have not timely excluded themselves, based on or arising from the Released Claims; and (ii) attempting to effect an opt-out class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on or arising from the Released Claims;

k. Authorize the Parties to take all necessary and appropriate steps to implement the Settlement as set forth in this Agreement; and

l. Such additional provisions as provided in Exhibit A as necessary to implement this Agreement and the Settlement, and to issue related orders to effectuate the preliminary approval of the Settlement Agreement.

3.3. **Final Approval Hearing**. In connection with the motion for preliminary approval, the Parties shall request that the Court schedule and conduct a Final Approval Hearing not less than seventy-five (75) days after entry of the Preliminary Approval Order, at which time it will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Class Counsel, after good faith consultation with counsel for Defendant, shall request that, at or after the Final Approval Hearing, the Court: (i) enter the Final Judgment, granting final approval of the Settlement and dismissing with prejudice the claims of the Representative Plaintiff and the Settlement Class in this Action; (ii) determine the attorneys' fees and expenses that should be awarded to Class Counsel as contemplated in the Agreement; and (iii) determine the service award, if any, that should be issued to the Representative Plaintiff, as contemplated by the Agreement.

3.4. **Condition No. 2: Finality of Judgment**. The Court shall enter a Final Judgment substantially similar in form and content as Exhibit E, as described in Section 12, the Final Judgment must become Final, and the Effective Date must occur.

11

## 4.    SETTLEMENT CONSIDERATION

4.1.    In compromise of disputed claims and in consideration of this Agreement, as well as additional consideration described in this Agreement, the Parties have agreed that Defendant will pay the following, subject and pursuant to the terms of this Agreement, in exchange for a release of the Released Persons of Released Claims, entry of Final Judgment as contemplated herein, and dismissal with prejudice of the Action:

4.1.1.    For the Class Members who timely file valid Claim Forms by the Claims Deadline and for whom all Nonmaterial Depreciation that was withheld from ACV Payments was *not* subsequently paid, an amount equal to 100% of the net estimated Nonmaterial Depreciation that was withheld from ACV Payments and not subsequently paid, determined as described herein and subject to applicable deductibles and limits, plus simple interest at the rate of 5% per annum on the net estimated Nonmaterial Depreciation determined under this section, from the date of the last ACV Payment to the date of Preliminary Approval;

4.1.2.    For Class Members who timely file valid Claim Forms by the Claims Deadline for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, $25 each;

4.1.3.    Subject to the conditions set forth in this Agreement, attorneys' fees and expenses that are awarded by the Court to Class Counsel;

4.1.4.    Subject to the conditions set forth in this Agreement, a service award that is awarded by the Court to the Representative Plaintiff;

4.1.5.    The costs of Class Notice and settlement administration, as provided in this Agreement; and

4.1.6.    The reasonable fees incurred by the Neutral Evaluator, as provided in this Agreement.

4.2.    Until such time as the foregoing payments are made, all sums to be paid by Defendant shall remain under the control and ownership of Defendant, the Administrator, or their independent contractors. Neither Class Members nor any other Person shall have any right to or ownership or expectation interest in Claim Settlement Payments or any other sums unless and until

timely and eligible claims of Class Members have been submitted and checks in payment of same have been issued and timely negotiated by Class Members, as described in this Agreement.

5.     **NOTICE**

5.1.     **CAFA**. Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, et seq., within ten days after filing of Representative Plaintiff's motion for preliminary approval, Defendant shall send written notice of the Settlement to the Attorney General of the United States, appropriate state departments of insurance, and any other appropriate government agencies. The Parties agree that the foregoing notices will satisfy the notice obligations of such Act.

5.2.     **Class Notice**. As soon as practicable after Preliminary Approval of the Proposed Settlement, but in any event no more than fifteen (15) days after entry of the Preliminary Approval Order, Defendant shall conduct a reasonable search of its records and provide to the Administrator for each Person reasonably believed to be a potential Class Member, the following information, if reasonably available: name, last known mailing address, date of Covered Loss during the Class Periods, policy number, claim number for the Covered Loss, and data from Xactimate estimates for each such Person's claims within the Class Periods showing replacement cost value of the Covered Loss, Depreciation as calculated by estimates, and ACV Payments, as well as any other information reasonably required to administer the Settlement.

5.3.     The Administrator shall mail a copy of the Class Notice and Claim Form in a form and content substantially similar to Exhibits B and C by first-class U.S. Mail to each potential Class Member identified by Defendant. Prior to mailing, the Administrator shall run the addresses one time through the National Change of Address database in order to obtain any updated addresses for potential Class Members.

CORE/3503246.0008/166134578.3

5.4.     The Administrator shall complete mailing of the Class Notice and Claim Form to potential Class Members not less than seventy-five (75) days prior to the Final Approval Hearing. Any material change(s) to the Class Notice or Claim Form agreed to by the Parties after entry of the Preliminary Approval Order must be approved by the Court prior to mailing.

5.5.     If a Class Notice and Claim Form sent to any potential Class Member is returned as undeliverable, the Administrator will promptly log such return as undeliverable and provide copies of the log to Defendant and Class Counsel as requested. If the mailing is returned to the Administrator with a forwarding address, the Administrator will forward the mailing to that address. For other returned mailings, the Administrator will run the name and address one time through a single commercial database (e.g., Accurint) chosen by the Administrator, and should the commercial database show a more current address, the Administrator shall re-mail the returned Class Notice and Claim Form to the more current address. No further efforts to locate or to find a more current address for Class Members is required.

5.6.     **Postcard Notice**. No later than 30 days before the Claim Deadline, the Administrator shall mail a postcard reminder in the form attached as Exhibit D (the "Postcard Notice") with information regarding the Claim Deadline, the Settlement Website address, and how to request a copy of the Claim Form. The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves.

5.7.     **Settlement Website**. No later than the posting of the Class Notice, the Settlement Administrator shall establish a website containing copies of the Agreement and Exhibits, the Preliminary Approval Order, the Class Notice, Claim Form, and such other documents and information about the Settlement as Class Counsel and Defendant's Counsel agree upon. The Claim Form shall be available to download or print from the Settlement website. A signed,

completed, and scanned Claim Form may also be uploaded and submitted on the Settlement Website.

> 5.7.1. The Settlement Website shall use a Uniform Resource Locator that identifies the internet address as www.OHDepreciationSettlement.com, or such other URL as Class Counsel and Defendant's Counsel agree upon. The Settlement website shall not include any advertising and shall not bear or include any logos or trademarks of Defendant other than those appearing in the Agreement. The Settlement website shall cease to operate and the Administrator shall remove all information from the Settlement website no later than the Final Accounting as described in Section 7.12. Ownership of the Settlement website URL shall be transferred to Defendant within ten (10) days after operation of the Settlement website ends.

5.8.    **Toll-free Number**. No later than the posting of the Class Notice, the Administrator shall establish a toll-free interactive voice response phone number, with script recordings of information about the Settlement, including information about the Claim Form, utilizing relevant portions of the Class Notice and Claim Form. The Administrator shall send the Class Notice and Claim Form upon request of any Class Members. The phone number shall remain open and accessible through the Claim Deadline and allow for Class Members to leave recorded messages and, at Defendant's option, may also provide for live operators during select times to answer certain basic questions about the Settlement. Except for requests for the Class Notice or Claim Form, the Administrator will promptly advise Class Counsel of recorded messages left by Class Members concerning the Action and/or the Settlement, or direct any Class Members with questions that cannot be answered to Class Counsel, so that Class Counsel may timely and accurately respond to such inquiries.

5.9.    The Parties agree that the foregoing procedures are reasonable and the best practicable notice under the circumstances, and are an appropriate and sufficient effort to locate current addresses for Class Members such that no additional efforts to do so shall be required.

Upon reasonable request, the Administrator shall advise Class Counsel and Defendant's Counsel of the progress of the notice program to monitor compliance with this Agreement.

## 6. SUBMISSION OF CLAIM FORMS

6.1. Claim Forms mailed to Class Members shall be pre-populated with the Class Member's name, current address, and date of Covered Loss to the extent feasible and if such information is reasonably available.

6.2. To be considered valid and timely, a Claim Form must be materially complete, signed by or on behalf of the Class Member, and mailed to the Administrator's address as specified in the Claim Form, postmarked by the Claim Deadline, which shall be forty-five (45) days after the scheduled date of the Final Approval Hearing. Signed and completed Claim Forms may also be scanned and uploaded on the Settlement Website by the Claim Deadline. Claim Forms may be submitted on behalf of deceased or incapacitated Class Members by Legally Authorized Representatives, with written evidence of authority.

6.3. The Claim Form will reasonably request of Class Members such information as described on the attached Exhibit C. To be eligible for a Claim Settlement Payment, Class Members must, on or with the Claim Form:

6.3.1. Affirm that they have not assigned the claim for the Covered Loss upon which the ACV Payment was calculated, and if it has been assigned only as permitted under Section 6.6, identify the assignee-contractor to whom the Covered Loss claim was assigned, attach written evidence of such assignment, and agree to indemnify Defendant for any loss should the assignor-policyholder also file a Claim Form for, or dispute payment to the assignee-contractor of, a Claim Settlement Payment for the assigned Covered Loss;

6.3.2. Confirm that the pre-populated contact information contained on the Claim Form and any updated, corrected, or additional information provided by the Class Member is accurate to the best of the Class Member's knowledge.

CORE/3503246.0008/166134578.3

6.3.3. If the Class Member under the Covered Loss is deceased or incapacitated, include written evidence that the Person submitting the Claim Form is the Legally Authorized Representative of the Class Member.

The Claim Form will not require that a Class Member sign under penalty of perjury or be notarized.

6.4. Settlement Class Members who timely submit a materially complete Claim Form shall be paid a Claim Settlement Payment equal to 100% of the estimated Nonmaterial Depreciation that was withheld from the ACV Payment on the Class Member's Covered Loss and not subsequently paid to the Class Member by Defendant, as determined by Defendant and subject to applicable deductibles and limits, plus simple interest at the rate of 5% per annum on the withheld estimated Nonmaterial Depreciation, calculated from the date of the last ACV Payment to the date of Preliminary Approval.

6.5. Class Members who timely submit a materially complete Claim Form but for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, shall be paid a Claim Settlement Payment equal to $25. This payment applies even if the Class Member has exhausted the applicable limits of insurance.

6.6. The foregoing Claim Settlement Payments are the only payments to which Class Members will be entitled under the Proposed Settlement. Claim Settlement Payments are deemed to be inclusive of claims for any potentially applicable damages, penalties, interest, and fees, subject to the payments of attorneys' fees and expenses and service awards required to be paid separately as provided for herein. All Claim Settlement Payments to Class Members, exclusive of interest payments, are subject to the terms, limits, conditions, coverage limits, and deductibles of their respective policies. Any rights to Claim Settlement Payments under this Agreement shall inure solely to the benefit of Class Members and are not transferable or assignable, unless the insurance claim was assigned by the Class Member before the date of Preliminary Approval in the

CORE/3503246.0008/166134578.3

ordinary course to a contractor who performed or intends to perform repair or replacement work to which the insurance claim relates. Provided, however, that any such assignee submits written evidence of such an assignment and agrees to indemnify Defendant for any loss should the assignor-policyholder also file a Claim Form for, or dispute payment to the assignee-contractor of, a Claim Settlement Payment for the assigned Covered Loss.

6.7.    The opportunity to submit Claim Forms for Claim Settlement Payments and other obligations incurred by Defendant pursuant to this Agreement shall be in full and final disposition of the Action, and in full consideration for the release of any and all Released Claims as against any and all Released Persons, regardless of whether or not a Class Member receives a Class Notice, submits a Claim Form, or timely negotiates a Claim Settlement Payment check.

## 7.    CLAIMS ADMINISTRATION AND PAYMENTS

7.1.    **Claims Determinations**. Beginning 30 days after posting of Class Notices and on a rolling basis periodically thereafter, the Defendant, or a qualified vendor retained by and under the control of Defendant, shall calculate the amount of the Claims Settlement Payment, if any, to which each Class Member who timely submits a Claim Form is entitled, based on information that includes but not limited to:

7.1.1.    the estimated total amount of Nonmaterial Depreciation deducted in determining an ACV Payment for a Covered Loss, if any;

7.1.2.    the date(s) and amount(s) of any Nonmaterial Depreciation that was refunded, if any;

7.1.3.    the date and amount of the last ACV Payment from which Nonmaterial Depreciation was deducted by Defendant.

In making such determinations, Defendant may consider all information provided by the Class Member with the Claim Form and information reasonably available within Defendant's records to assist in making such determinations in good faith, including but not limited to by de-selecting the

"depreciate non-material," "depreciate removal" and "depreciate O&P" option settings within Xactimate® and Xactanalysis® claims data and information contained in claims files.

7.2.    The Parties understand that it is possible that .ESX files, or other data necessary to determine the precise amount of non-material depreciation withheld, may not be available for all Class Members.  In the event that Defendant determines that an .ESX file is not available but a printed estimate is available, the parties agree that Defendant may use its company-wide ratio of non-material depreciation to total depreciation in lieu of recalculating withholdings through Xactimate.  The parties agree that this percentage is 50%.

7.3.    The Administrator shall notify in writing those Class Members who submit an untimely Claim Form that their claim is denied and will not be processed further. The Administrator's determination of whether a Claim Form was timely submitted shall be final, binding, not reviewable by the Neutral Evaluator, and not appealable, and may not be the basis for an objection.

7.4.    The Administrator shall notify in writing those Class Members who submit a timely but materially deficient Claim Form that they have thirty (30) days to correct the deficiency. The notice will identify the deficiency and state that any response must be postmarked within thirty (30) days of the date of the notice of the deficiency.

7.5.    Defendant will periodically update Class Counsel and the Administrator on the claims review process and provide Class Counsel and the Administrator, within ninety (90) days after the Claim Deadline, a list of: (a) Class Members who submitted Claim Forms; (b) the amount of the Claim Settlement Payment, if any, owing to each; and (c) if no Claim Settlement Payment is owing, a brief explanation why.

19

7.6.    **Funding**. Within the later of (a) ten (10) days after the Effective Date or (b) thirty (30) days after the final determinations of Claim Settlement Payments, Defendant shall send to the Administrator adequate funds for deposit to an account established by the Administrator to pay Claim Settlement Payments. In no event shall Defendant be liable to pay Claim Settlement Payments before that time. Prior to transferring funds to the Administrator, Defendant is not required to maintain any funds or payments to be made under this Agreement in a segregated account and any interest or other income earned on funds prior to the distributions provided hereunder remains the property of Defendant.  Defendant shall have the option, in its sole discretion, to pay settlement checks directly rather than through the Administrator.  If Defendant chooses to exercise this option, Defendant shall inform Class Counsel and the Administrator of Defendant's decision to pay settlement checks directly at least fourteen (14) days before the Effective Date.  If Defendant chooses to exercise this option, Defendant shall follow the procedures set forth in Sections 7.7 and 7.8 below, and Defendant shall mail the settlement checks within the later of twenty (20) days after the Effective Date or forty (40) days after the final determinations of Claim Settlement Payments.

7.7.    **Checks**. Within ten (10) days of receipt of funds, the Administrator shall mail to each Class Member who timely submitted an eligible Claim Form, as determined above, a settlement check for the Claim Settlement Payment to which each Class Member is entitled. The Administrator shall use addresses used to send the Class Notice, subject to any updates received from Class Members on Claim Forms or otherwise.

7.8.    Checks shall be issued in the names of Class Members as reflected on Defendant's records, and shall state on their face that they expire and are void 120 days from the date of issuance, after which the Administrator may close the account. Prior to the expiration of checks,

Class Members may request replacement checks be issued by the Administrator if they lose or misplace their original check. In the event any check issued pursuant to this Agreement is returned and the payee cannot be located, or expires or becomes void, Defendant will follow its standard escheatment procedures for the State of Ohio.

7.9. **Neutral Evaluator**. The Administrator shall send to Class Members whose Claim Form was denied payment for any reason other than untimeliness a notice explaining why. In addition, the Administrator shall send a notice to all Class Members who submitted a Claim Form, regardless of whether a Claim Settlement Payment was issued, explaining that Class Members may dispute the amount of the Claim Settlement Payment or denial of their claim by requesting, in writing, final and binding arbitration by the Neutral Evaluator. In order to dispute a Claim Settlement Payment or denial of a claim and invoke arbitration, a Class Member must return any uncashed settlement check to the Administrator and explain in writing the reason for their dispute, as well as provide any supporting documentation, within thirty (30) days of the date of the notice. If the settlement check is not timely returned, or if the settlement check is negotiated prior to final and binding arbitration by the Neutral Evaluator, then the dispute resolution process will be automatically terminated and the Class Member is not entitled to any further settlement payment.

7.10. The Administrator shall promptly provide Defendant's Counsel and Class Counsel with any disputes received from Class Members under Section 7.8. Upon receipt, Defendant may reevaluate the claim and/or supply any additional supporting documentation or information to the Administrator within thirty (30) days. The Administrator shall then promptly provide all materials received from the Class Member and Defendant to the Neutral Evaluator, unless Defendant has agreed to pay the claim, in which event the Administrator shall promptly issue a check to the Class

CORE/3503246.0008/166134578.3

Member for the agreed Claim Settlement Payment. Class Counsel will be allowed to participate in this process and advocate on behalf of the Class Member if Class Counsel deem it appropriate.

7.11.    The Neutral Evaluator shall issue a decision based solely on the written submissions without independent research or evidence, and subject to the express terms and conditions of this Agreement, within thirty (30) days after receipt of materials from the Administrator. If applicable, the Administrator shall promptly issue a check to the Class Member for a Claim Settlement Payment in accord with the Neutral Evaluator's decision. The Neutral Evaluator shall have exclusive jurisdiction to resolve any dispute as to final determination of a Claim Settlement Payment, and the decision of the Neutral Evaluator shall be final and binding on the Parties and Class Members and is not subject to appeal or review by the Court. The Neutral Evaluator shall not have authority to award a Class Member any amount in excess of the Claim Settlement Payment, determined as described in Section 7, or for any other damages, costs, attorneys' fees, or other relief. The Neutral Evaluator shall also be bound by the provisions of Section 16 concerning confidential information.

7.12.    **Final Accounting**. Within thirty (30) days after completion of the escheatment procedures pursuant to Section 7.7 and the resolution of all claims, including claims disputed by Class Members, the Administrator shall provide a final accounting to the Parties of all payments under the Settlement and return any remaining funds to Defendant.

7.13.    **Taxes**. Defendant and the Administrator will comply with all federal, state, and local tax reporting obligations in connection with the payments made to the Representative Plaintiff, Class Counsel, and Class Members pursuant to the Settlement. However, Defendant is not obligated to compute, estimate, or pay any taxes on behalf of, and are not liable for any taxes

owed by, the Representative Plaintiff, Class Counsel, or any Class Member as a result of the payments contemplated by the Settlement.

7.14. **Information Available to Class Counsel**. Class Counsel shall have the right to interact directly with the Administrator regarding the administration of the Settlement provided that Defendant are notified of all such interactions.

## 8. COVENANTS, REPRESENTATIONS AND WARRANTIES

8.1. **Covenants Not to Sue**. Representative Plaintiff and Class Members covenant and agree:

8.1.1. not to file, commence, prosecute, maintain, intervene in, or participate in (as parties, class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Persons;

8.1.2. not to organize or to solicit the participation of Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and

8.1.3. that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims asserted against any of the Released Persons.

8.2. Representative Plaintiff represents and warrants that they are the sole and exclusive owners of their Released Claims and that they have not assigned or otherwise transferred any interest in any Released Claims against any Released Persons, and further covenant that they will not assign or otherwise transfer any interest in their Released Claims.

8.3. Representative Plaintiff represents and warrants that, after entry of Final Judgment, they have no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

CORE/3503246.0008/166134578.3

8.4.     Representative Plaintiff and Class Counsel represent and warrant that there are no outstanding liens or claims against the Action, and acknowledge that Representative Plaintiff and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action.

8.5.     The Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Agreement as a result of arms-length negotiations among their counsel; that in executing the Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party. Each of the Parties assumes the risk of mistake as to facts or law.

## 9.     RELEASES

9.1.     **Released Claims**. Upon the Effective Date, Releasing Persons, including Representative Plaintiff and each Class Member, shall, by operation of the Final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged Defendant and all other Released Persons from any and all claims, Unknown Claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Periods, whether *ex contractu* or *ex delicto*, debts, liens,

CORE/3503246.0008/166134578.3

contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses

(including actual, consequential, statutory, extra-contractual and punitive or exemplary damages),

and whether arising under or based on contract, extra-contractual or tort theories, at law or in

equity, or under federal, state or local law, statute, ordinance, rule or regulation, whether asserted

individually or in a representative capacity, whether past or present, mature or not yet mature, that

any of the Representative Plaintiff or Class Members have or may have had against any of the

Released Persons that relate to, concern, arise from, or pertain in any way to:

9.1.1.    Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss;

9.1.2.    any and all claims that were or could have been brought, whether based upon contract, statute, regulation, or tort, pertaining to the calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation in the adjustment and/or payment of any Covered Loss; or

9.1.3.    the allegations and claims contained in any complaint or amended complaint in the Action concerning the alleged systematic practice of deducting Nonmaterial Depreciation through the use of estimating software.

("Released Claims"). This release does not apply to any coverages other than for loss or damage

to structures or buildings. For example, this release does not encompass any claims for additional

living expenses or contents. Further, this release does not apply to Class Members' claims for

replacement cost benefits under Structural Loss insurance claims that are made after the date of

Preliminary Approval and determined pursuant to the terms and conditions of policies of

insurance.

    9.2.    **Unknown Claims**. Representative Plaintiff, for herself and on behalf of Class

Members, explicitly acknowledges that Unknown Claims within the scope of Released Claims

could possibly exist and that any present losses may have been underestimated in amount or

severity. Representative Plaintiff or any Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such claims may change. Nonetheless, Representative Plaintiff and each Class Member expressly agree that he/she/they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims, including Unknown Claims. Further, Representative Plaintiff and Class Members agree and acknowledge that they are bound by this Agreement, including by the Releases, and that all of their claims in the Action asserted against Defendant shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received actual notice of the Settlement or received a Claim Settlement Payment. The Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

9.3.     Provided, however, that Released Claims do not include: (a) claims arising after the Effective Date; (b) claims for valuation or payment of a Covered Loss under any homeowners residential, manufactured home, condo, dwelling, commercial property, business owners, garage keepers, or rental property insurance policies issued by Defendant not related to the withholding of payment for Nonmaterial Depreciation; (c) Class Members' rights and obligations under this Agreement; and (d) the rights of potential Class Members who timely and properly submit a request for exclusion from the settlement Class in accordance with this Agreement.

CORE/3503246.0008/166134578.3

9.4.    The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Agreement, including, but not limited to, enforcement of the releases contained in the Agreement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement and Final Judgment.

## 10.    REQUESTS FOR EXCLUSION

10.1.    A person within the Settlement Class who wishes to opt out of the Settlement Class must do so in writing. Any Class Member who does not opt out of the Settlement Class in the manner described herein shall be deemed to be a Class Member and shall be bound by all proceedings, orders, and judgments.

10.2.    In order to opt out, a person within the Settlement Class must complete and send to the Administrator, at the address listed in the Class Notice and on the Settlement website, a request for exclusion postmarked no later than the opt out deadline of thirty (30) days before the Final Approval Hearing, as identified in the Preliminary Approval Order. The request for exclusion must: (a) identify the case name; (b) identify the name and address of the Class Member; (c) be personally signed by the Class Member requesting exclusion; and (d) state a desire to be excluded from the Settlement Class, such as "I hereby request to be excluded from the proposed Settlement Class in the Donofrio Class Action." Persons must request exclusion individually, and mass or class opt outs are prohibited.

10.3.    A Class Member who desires to opt out must take timely affirmative written action pursuant to Section 10.2, even if the Class Member desiring to opt out (a) files or has filed a separate action against any of the Released Persons, or (b) is or becomes a putative or actual class member in any other class action filed against any of the Released Persons. The Administrator

CORE/3503246.0008/166134578.3

shall provide Class Counsel and Defendant's Counsel a list of all timely requests for exclusion not less than ten (10) days before the Final Approval Hearing.

10.4.   Any Class Member who timely and properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under or be affected by the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

## 11.   OBJECTIONS

11.1.   **Overview**. Any Class Member who does not submit a valid request for exclusion may object to the Settlement by complying with the procedures and deadlines in this Agreement. The Class Notice and Settlement website will identify the requirements to assert a valid written objection.

11.2.   **Filing**. Any Class Member who wishes to object to the Settlement must do so in writing filed with the Clerk of Court, and a copy mailed to the Administrator at the address identified in the Mail Notice and on the Settlement website, postmarked no later than the objection deadline of thirty (30) days before the Final Approval Hearing, as identified in the Preliminary Approval Order. To be valid, a written objection must include: (a) the case name and number; (b) the name and address of the objecting Class Member and of counsel, if represented; and (c) the basis for the objection.

11.3.   **Waiver.** Any Class Member who fails to object to the Settlement in the manner described in this Section shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

CORE/3503246.0008/166134578.3

11.4.   **Appearance**. Subject to approval of the Court, any Class Member who files and serves a timely written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing, whether it is held in the courtroom or via telephone or video conference, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the objection deadline; and (b) mails copies of the notice to Class Counsel and Defendant's Counsel identified in Section 2 of this Agreement, postmarked by the objection deadline. The notice must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not file a notice of intention to appear in accordance with the Agreement shall not be entitled to appear at the Final Approval Hearing.

## 12.   FINAL JUDGMENT

12.1.   Not less than ten (10) days before the Final Approval Hearing, the Administrator will provide Class Counsel and Defendant's counsel with an affidavit or declaration attesting that Class Notice has been disseminated and published in accordance with the Preliminary Approval Order and this Agreement, confirming the timely mailing of notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, and identifying Persons who submitted timely and valid Requests for Exclusion. Class Counsel shall file the affidavit(s) or declaration(s) with the Court before the Final Approval Hearing,

12.2.   Prior to the Final Approval Hearing, Class Counsel will file a motion seeking the Court's final approval of the Settlement and entry of Final Judgment, in the form and content attached as Exhibit E, without material change, which:

12.2.1.　Approves the Settlement as described in this Agreement and directs the Parties and counsel to comply with and consummate the terms of this Agreement;

12.2.2.　Confirms certification of the Settlement Class for settlement purposes only;

12.2.3.　Finds that Class Counsel and Representative Plaintiff have adequately represented and protected the interests of the Settlement Class;

12.2.4.　Finds that the terms of this Agreement are fair, reasonable, and adequate and in the best interests of the Settlement Class;

12.2.5.　Provides that each Class Member shall be bound by the provisions of this Agreement and the Final Judgment, including the Releases set forth in Section 9;

12.2.6.　Finds that the Class Notice, the establishment of an automated toll-free interactive voice response phone system, the Settlement website, internet advertising, and the Postcard Notice were reasonable, the best notice practicable under the circumstances, and satisfy the requirements of the Federal Rules of Civil Procedure, due process under the United States Constitution, and the requirements of any other applicable rules or law;

12.2.7.　Finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Defendant has fully complied with the notice requirements under that Act;

12.2.8.　Dismisses all claims in the Action by Representative Plaintiff and Class Members against Defendant on the merits and with prejudice, and entering Final Judgment thereon;

12.2.9.　In order to protect the continuing jurisdiction of the Court and to effectuate this Agreement and the Final Judgment, permanently enjoins Class Members who have not opted out, and anyone acting or purporting to act on their behalf, from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties, class members, or otherwise) any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Released Persons, and from organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit regarding any Released Claims against any Released Persons, and provides that any person in violation of the injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction;

12.2.10. Approves payment of attorneys' fees and expenses to Class Counsel and service award to Representative Plaintiff, in both respects not exceeding the maximum amounts identified in this Agreement;

12.2.11. Reserves continuing jurisdiction of the Court over all matters relating to the administration, consummation, enforcement, construction and interpretation of the Settlement, this Agreement, and the Final Judgment;

12.2.12. Holds that there is no just reason for delay and that the Final Judgment shall be final and appealable, irrespective of the Court's continuing jurisdiction over administration of the Settlement; and

12.2.13. Contains such additional provisions as provided in Exhibit E as necessary to implement this Agreement and the Settlement.

12.3. **Effect of Final Judgment**. Upon entry of Final Judgment:

12.3.1. the enforcement of the Agreement shall be the exclusive remedy for all Class Members, except those who have properly submitted a Request for Exclusion (opted out) in accordance with the terms and provisions hereof; and

12.3.2. except as set forth in this Agreement, the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Class Member(s).

12.4. Except for persons who timely and properly send a request for exclusion in accordance with Section 10, all Class Members will be deemed to be members of the Settlement Class and, upon entry of the Final Judgment, will have received full and final redress and relief for the Released Claims in Section 9, including but not limited to any refund, reimbursement, restitution, or damages for the conduct covered by the release, and will be bound by the terms of this Settlement regardless of whether they receive Claim Settlement Payments or any other relief.

12.5. Defendant will not oppose final approval of the proposed Settlement in the form of the Final Judgment attached as Exhibit E, and may, in its sole discretion, file a memorandum in support of final approval of the Proposed Settlement.

12.6. If final approval of the Settlement is not granted, or this Agreement is terminated or rendered void, the certification of the Settlement Class shall be automatically vacated and shall

not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied. In that event, Defendant reserves and shall have all rights to challenge certification of a class action for trial purposes in the Action or in any other action, on all available grounds as if no Settlement Class had been certified.

12.7.    Within ten (10) days after the Effective Date, Representative Plaintiff and Class Members shall dismiss with prejudice all Released Claims asserted in any actions or proceedings that have been brought by or involve any Class Member in any jurisdiction. This paragraph in no way limits Class Members from proceeding with claims that are not Released Claims as defined herein.

## 13.    ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

13.1.    The total of all applications for attorneys' fees, costs, or expenses by Class Counsel and any other person on behalf of Class Members, shall not exceed $1.74 million. Class Counsel agree that the amount of such fees and expenses awarded shall fully compensate them for all work and expenses in this Action for the claims asserted before and after entry of Final Judgment. Defendant agrees not to oppose or otherwise object to an application by Class Counsel for, and Class Counsel agree not to seek, an award of attorneys' fees and expenses in this Action that does not exceed the foregoing total amount.

13.2.    Within fifteen (15) days after the Effective Date, Defendant shall pay to the Administrator funds for the amount of attorneys' fees and expenses awarded by the Court (not to exceed the amount identified in Section 13.1), and the Administrator shall pay such funds by wire transfer to an account of Class Counsel Erik Peterson, who shall hold and distribute it for Class Counsel.

CORE/3503246.0008/166134578.3

13.3.    Except as expressly provided in this Agreement, Defendant is not liable or responsible for any other expenses, costs, damages, or fees incurred by any other person, including but not limited to the Representative Plaintiff, any Class Member, any person who objects to the Settlement or excludes themselves from the Settlement Class, or any of their attorneys, experts, advisors, investigators, agents, or representatives. Any award of attorneys' fees and expenses by the Court as provided in this Section 13 will be in complete satisfaction of any and all claims for attorneys' fees and expenses that the Representative Plaintiff, Class Members, Class Counsel, or any other person or their counsel has or may have against Defendant arising out of or in connection with this Action, the Released Claims, or this Settlement.

13.4.    Representative Plaintiff, the Settlement Class, and Class Counsel hereby waive, discharge and release Defendant from any and all other claims for attorneys' fees, by lien, statute, or otherwise for legal services in connection with this Action. Defendant shall not be responsible for and shall have no liability whatsoever with respect to the allocation, distribution, or apportionment of any award of attorneys' fees and expenses among Class Counsel or any other person who may assert a claim thereto. Once payment is made pursuant to Section 13.2 above, Defendant will not be subject to any claims for additional payments to Class Counsel or any attorney who is or was a member of, partner of, or otherwise associated with any of the firms representing the Representative Plaintiff, the Settlement Class, or any Class Member. Class Counsel shall defend, hold harmless, and indemnify Defendant and Defendant's Counsel from and against any claims, damages, liability, causes of action, liens, and expenses, including reasonable attorneys' fees and expenses, resulting from any action or proceeding involving the payment or apportionment of the award of attorneys' fees and expenses in this Action by, to, or among the

CORE/3503246.0008/166134578.3

Representative Plaintiff, Class Counsel, or any attorney or firm that alleges to have provided services to the Representative Plaintiff or any Class Member.

13.5.    In addition to the Claim Settlement Payments that may otherwise be due, Defendant agrees to pay Representative Plaintiff a service award as determined by the Court not to exceed $7,500, by check delivered or wire transfer to Class Counsel within fifteen (15) days after the Effective Date. Representative Plaintiff shall provide the Administrator with a completed W-9 form within five (5) days after entry of Final Judgment.

## 14.    TERMINATION RIGHTS

14.1.    Within twenty (20) days after notice of the occurrence of any of the following events, either Defendant or Plaintiff shall have the right, exercisable in their absolute discretion, to terminate this Agreement and the Settlement by delivering written notice of such election to Class Counsel, if:

14.1.1.    The Court, or any appellate court(s), rejects, denies approval, disapproves, or modifies the Agreement, Preliminary Approval Order, or Final Judgment in a manner that Defendant, in its sole judgment and discretion, believe to be material;

14.1.2.    The Court, or any appellate court(s), does not completely and unconditionally enter or affirm any portion of the Agreement, Preliminary Approval Order, or Final Judgment in a manner that Defendant, in its sole judgment and discretion, believe to be material;

14.1.3.    Any regulatory agency objects to or challenges any of the terms of the Agreement in a way that Defendant, in its sole judgment and discretion, believe to be materially adverse to Defendant's interests;

14.1.4.    200 or more Persons exclude themselves from the Settlement Class;

14.1.5.    Representative Plaintiff opts out of the Settlement Class or objects to the Settlement or this Agreement;

14.1.6.    The total of all awards of attorneys' fees and costs in this Action to any person, including Class Counsel, the Representative Plaintiff, the Settlement Class, or any other person, exceeds the maximum amount set forth in Section 13.1;

14.1.7.    Any Person is allowed to intervene in this Action to assert claims against Defendant based on Structural Loss claims in states other than Ohio; or

14.1.8.    A financial obligation is imposed upon Defendant in addition to or greater than those expressly set forth in this Agreement.

14.2.    If an option to terminate this Agreement and the Settlement arises, Plaintiff or Defendant are not required to exercise the option to terminate.

14.3.    If the Agreement fails for any reason, or if this Agreement is terminated by Plaintiff or Defendant pursuant to Section 14.1:

14.3.1.    This Agreement and the Proposed Settlement shall have no further force or effect, and all proceedings that have occurred with regard to this Agreement and the Proposed Settlement shall be without prejudice to the rights and contentions of the Parties and any Class Members;

14.3.2.    This Agreement and all negotiations, statements and proceedings relating to them shall be without prejudice to the rights of the Parties, each of whom shall be restored to their respective positions existing immediately before the execution of this Agreement;

14.3.3.    This Agreement, and the fact of this Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever and shall not be subject to discovery;

14.3.4.    Any judgment or order entered in the Action relating to this Agreement or the Settlement, including, without limitation, any order certifying the Settlement Class, shall be automatically vacated *nunc pro tunc*, without the requirement of any motion or further order of the Court, and will be without any force or effect;

14.3.5.    The Parties shall not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel, or any other similar or related theories, based on the Agreement (including without limitation the provisions regarding class certification) and related pleadings and orders, the fact of this Agreement having been made, or that any settlement negotiations preclude Defendant from opposing class certification or the claims in the Action or any other proceeding.

14.4.    Section 14.3 shall survive the termination of this Agreement.

CORE/3503246.0008/166134578.3

## 15.    DENIAL OF LIABILITY

15.1.    Defendant enters into this Agreement without admitting, conceding or acknowledging any fault, liability, or wrongdoing of any kind. This Agreement or the negotiations or proceedings connected with it shall not be construed as an admission or concession by Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Defendant. In the event the Effective Date does not occur, or this Agreement is terminated, or the Proposed Settlement is not finally approved for any reason, Defendant shall retain the right to object to the maintenance of the Action or any other proceeding as a class action and to contest the Action or any other case on any ground.

15.2.    This Agreement, the negotiations leading to the Settlement, administration of the Settlement, and any pleadings, motions, or other document related in any way to the Agreement (excluding any orders entered by the Court) shall not be offered into evidence in the Action or in any other case or proceeding: (a) in support of or in opposition to a motion to certify a contested class against Defendant; or (b) as an admission or concession of liability or wrongdoing by Defendant.

## 16.    CONFIDENTIALITY AGREEMENT

16.1.    The following constitutes highly confidential and proprietary business information of Defendant (the "Confidential Information"): (a) the names, addresses, policy numbers, and data concerning a Class Member or potential member of the Settlement Class compiled by Defendant or the Administrator in administering the Proposed Settlement; (b) claim files and documents and electronic data related to claims for each Class Member, utilized by Defendant or the Administrator in identifying potential Class Members and administering the Settlement; and (c) documents and data produced by Defendant in the Action identified as confidential pursuant to an agreed

protective order in the Action. Confidential Information shall not be publicly disclosed by Class Counsel or other attorneys for Representative Plaintiff in this Action to any persons other than those identified in the agreed protective order or this Agreement, and shall not be used other than in this Action in connection with the Settlement. It is not a violation of this Agreement for either of the parties to provide the Court with information concerning the Representative Plaintiff's or any objector's individual claims, or to provide the Court with anonymous aggregate claims data values solely for purposes of seeking preliminary or final approval of the Settlement Agreement or attorneys' fees, expenses or service awards.

16.2.    No Persons other than Defendant's counsel, Class Counsel, the Administrator, Neutral Evaluator, and their respective employees and contractors shall be allowed access to any Confidential Information. Any person to whom Confidential Information is disclosed or who has access to Confidential Information shall maintain it as confidential and shall not publicly disclose or release it to any person not authorized by Defendant, this Agreement, the agreed protective order, or the Court. Provided, that nothing in this Agreement shall be construed to restrict or limit Defendant's use or disclosure of their own Confidential Information.

16.3.    Within thirty (30) days after the Final Accounting described in Section 7.12, Class Counsel shall destroy or return to Defendant's Counsel all Confidential Information in their possession, custody, or control, and shall deliver a letter to counsel for Defendant confirming their undertaking and compliance with this Section. Further, the Parties agree that Confidential Information shall not be used by Class Counsel or anyone employed with, retained by, or otherwise associated with Class Counsel in any other litigation, current or future, unless independently obtained through discovery in such other litigation.

## 17. COMMUNICATIONS

17.1.    Any inquiries to Defendant from Class Members regarding the Settlement will be directed to Class Counsel or the Administrator. Nothing herein shall preclude Defendant or its agents from discussing matters unrelated to the Settlement with their present, former or prospective policyholders or customers or from communicating with their agents and employees concerning the existence, terms, and implementation of the Settlement, orally or in writing, and they may do so through any appropriate means.

17.2.    If any media organization contacts any Party or its counsel seeking information or a statement regarding the Settlement, in the absence of a response agreed upon by all Parties, no information will be provided in response to such inquiries except to the extent such information appears as part of the public record.

## 18. MISCELLANEOUS

18.1.    The Administrator, Class Counsel and Defendant shall retain copies or images of all returned Class Notices, Claim Forms, and correspondence relating thereto, for a period of one (1) year after the Final Accounting. Thereafter the Administrator, Class Counsel and Defendant may destroy such documents they have in their possession. Nothing in this Agreement shall be construed to require the Administrator, Class Counsel or Defendant to retain records beyond their respective, discretionary, record retention policies.

18.2.    The Parties and their counsel agree to undertake their best efforts and to cooperate with each other to effectuate this Agreement and the terms of the proposed Settlement, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts that may become necessary by order of the Court or otherwise. The Parties further agree to

CORE/3503246.0008/166134578.3

cooperate in respect to reasonable, agreed extensions to the timetable hereunder, subject to such Court approval as may be required.

18.3.    The terms and conditions set forth in this Agreement, including documents referenced herein and all attached exhibits, contains the entire and exclusive agreement of the Parties hereto and supersede any prior agreements, negotiations, representations, or understandings between them, and may not be contradicted or supplemented by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement and all attached exhibits constitute the complete and exclusive statement of its terms as between the Parties and that no extrinsic evidence may be introduced in any proceeding concerning the terms of the proposed Settlement. Prior or contemporaneous representations not contained in this Agreement shall be of no force or effect.

18.4.    All terms of this Agreement are contractual and not mere recitals and shall be construed as if drafted by all Parties hereto. The terms of this Agreement are and shall be binding upon each of the Parties hereto, upon each of their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the Parties hereto, including any Class Member. Provided, however, that except as expressly provided in this Agreement, this Agreement is not intended to and does not confer upon any other person or entity any rights or remedies.

18.5.    This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties, and any amendments or modifications shall be presented to the Court for approval. Amendments and modifications may be made without additional notice to the potential Class Members unless such notice is required by the Court.

18.6.    This Agreement shall be governed by the laws of the State of Ohio.

CORE/3503246.0008/166134578.3

18.7.    The exhibits to this Agreement are integral parts of the Settlement and are hereby incorporated and made a part of this Agreement.

18.8.    To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

18.9.    Nothing contained in this Agreement or in any proceedings concerning the Settlement shall in any way affect Defendant's rights to seek contribution, indemnity or any other relief from any person or entity not a party to the Action. All such rights and remedies of Defendant are specifically retained and preserved.

18.10.   Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days. In the event any deadline under this Agreement is a weekend or legal holiday, such deadline shall be on the first business day thereafter.

18.11.   The waiver by any party of any breach of this Agreement will not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

18.12.   As used herein, the plural of any defined term includes the singular thereof, and the singular of any defined term includes the plural thereof, as the context may require.

18.13.   This Agreement may be executed in counterparts, each of which shall constitute an original. This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned Parties or counsel.

CORE/3503246.0008/166134578.3

DocuSign Envelope ID: 68B89670-5186-4AB3-B851-67BAD10EFFE8

**REPRESENTATIVE PLAINTIFF**

Dated: 3/3/2022 | 5:32 AM PST          By: _____

Mary Donofrio

**CLASS COUNSEL**

Dated: _____          By: _____

Erik D. Peterson (*pro hac vice*)
ERIK PETERSON LAW OFFICES, PSC
349 E. Main Street, Suite 150
Lexington, KY 40507
T: 800.614.1957
erik@eplo.law

Dated: _____          By: _____

Stephen G. Whetstone (0088666)
Whetstone Legal, LLC
P.O. Box 6
2 N. Main Street, Unit 2
Thornville, Ohio 43076
T: 740-974-7730
steve@whetstonelegal.com

CORE/3503246.0008/166134578.3

**REPRESENTATIVE PLAINTIFF**

Dated: _____     By: _____
                                        Mary Donofrio

**CLASS COUNSEL**

Dated: __2/24/2022 | 6:25 PM PST__     By: _____

DocuSigned by:
*Erik Peterson*
D00E1DE0EEBE473...

Erik D. Peterson (*pro hac vice*)
ERIK PETERSON LAW OFFICES, PSC
349 E. Main Street, Suite 150
Lexington, KY 40507
T: 800.614.1957
erik@eplo.law

Dated: __2/25/2022 | 11:48 AM PST__     By: _____

DocuSigned by:
*Stephen Whetstone*
89D41EB7CG70AF6...

Stephen G. Whetstone (0088666)
Whetstone Legal, LLC
P.O. Box 6
2 N. Main Street, Unit 2
Thornville, Ohio 43076
T: 740-974-7730
steve@whetstonelegal.com

41

**DEFENDANT:**

Dated: _____2/24/2022_____    By: _____
                                                Ken Schriner  _Digitally signed by Ken Schriner Date: 2022.02.24 14:04:04 -05'00'_

__Ken Schriner, Assistant Vice President_____
Name and Title, Auto-Owners (Mutual) Insurance Company

**DEFENSE COUNSEL:**

Dated: _____    By: _____
                                     Todd A. Noteboom (MN #240047) (pro hac vice)
                                     Peter J. Schwingler (MN #0388909) (pro hac vice)
                                     50 South Sixth Street, Suite 2600
                                     Minneapolis, MN 55402
                                     Telephone: (612) 335-1500
                                     Facsimile: (612) 335-1657
                                     todd.noteboom@stinson.com
                                     peter.schwingler@stinson.com

Dated: _____    By: _____
                                     Matthew J. Bakota (0079830)
                                     Dinsmore & Shohl LLP
                                     1 South Main Street, Suite 1300
                                     Dayton, Ohio 45402
                                     Ph: (937) 449-6400
                                     Fx: (937) 449-2821
                                     matthew.bakota@dinsmore.com

CORE/3503246.0008/166134578.3

**DEFENDANT:**

Dated: _____     By: _____

_____
Name and Title, Auto-Owners (Mutual) Insurance
Company

**DEFENSE COUNSEL:**

Dated: 2/23/22     By: _____

Todd A. Noteboom (MN #240047) (pro hac vice)
Peter J. Schwingler (MN #0388909) (pro hac vice)
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
todd.noteboom@stinson.com
peter.schwingler@stinson.com

Dated: 3/10/2022     By: _____

Matthew J. Bakota (0079830)
Dinsmore & Shohl LLP
1 South Main Street, Suite 1300
Dayton, Ohio 45402
Ph: (937) 449-6400
Fx: (937) 449-2821
matthew.bakota@dinsmore.com

42

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
SOUTHERN DIVISION
AT DAYTON

| | | |
|---|---|---|
| MARY DONOFRIO,<br>individually and on behalf of all other Ohio<br>residents similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CASE NO. 3:19-cv-58- WHR |
| v. | ) ) ) | |
| AUTO-OWNERS (MUTUAL) INSURANCE<br>COMPANY<br>6101 Anacapri Blvd.<br>Lansing, Michigan 48917-3999, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, DIRECTING
CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

Upon review and consideration of Motion for Preliminary Approval of Class Action

Settlement of Representative Plaintiff Mary Donofrio ("Representative Plaintiff"), with Defendant

Auto-Owners (Mutual) Insurance Company ("Defendant"), including the parties' Stipulation and

Settlement Agreement dated March 10, 2022 (the "Agreement") and all exhibits thereto, and

having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and

DECREED as follows:

1.      **Settlement**.  Representative Plaintiff and Defendant have negotiated a proposed

settlement of Representative Plaintiff's claims in this action, individually and on behalf of a class

of policyholders of the Defendant, described below as the Settlement Class, to avoid the expense,

uncertainties, and burden of protracted litigation, and to resolve the Released Claims against the

Released Persons as set forth in the Agreement. The Court has carefully reviewed the Agreement,

as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Agreement are incorporated here as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the same definitions that are in the Agreement.

2. **Preliminary Approval**. The Agreement entered into by and among the Representative Plaintiff and Defendant was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing.

3. **Settlement Class Relief**. The proposed Claim Settlement Payments to Class Members and the settlement consideration, as identified in Sections 4, 6, and 7 of the Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall be defined as:

> 3.1 All policyholders within the Ohio Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendant and its officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").

> 3.2 "Settlement Class" means, except for Exclusions, all of Defendant's property insurance policyholders who made a Structural Loss claim: (a) for property located in the State of Ohio during the applicable Class Periods as defined in Section 2.12; that (b) resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

> 3.3 Class Periods mean the following time periods:

> For policyholders with policies containing a one-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2018.

2

For policyholders with policies containing a two-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2017.

4. **Preliminary Certification of Settlement Class**. For settlement purposes only, the Court makes the following determinations as to certification of the Settlement Class:

4.1 The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

4.2 The Settlement Class is so numerous that joinder of all members is impracticable;

4.3 There are questions of law or fact common to the members of the Settlement Class;

4.4 The claims of the Representative Plaintiff are typical of the claims of other Class Members;

4.5 Representative Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Agreement;

4.6 Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; and

4.7 Resolution of Class Members' claims pursuant to the Agreement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

5. **Designation of Class Representative**. Representative Plaintiff is designated as the representative of the Settlement Class for the purpose of seeking approval of and administering the Settlement Agreement.

6. **Designation of Class Counsel**. Attorneys Erik D. Peterson, of Erik Peterson Law Offices, PSC and Stephen G. Whetstone, of Whetstone Legal, LLC are designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

3

7.     **Final Approval Hearing**.  A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at [time] on [date] [at least 75 days after preliminary approval], in Dayton, Ohio before the honorable Walter H. Rice, to determine, among other things: (i) whether final judgment should be entered resolving and approving the Settlement of Representative Plaintiff's and the Settlement Class claims against Defendant in the Action as fair, reasonable, and adequate; (ii) whether the Representative Plaintiff's and Settlement Class claims against Defendant in the Action should be dismissed with prejudice pursuant to the Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; and (iv) whether the application of Class Counsel for an award of attorneys' fees and expenses and for proposed service awards to Representative Plaintiff should be approved and in what amounts. The Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video conference so as to allow the Final Approval Hearing to proceed despite limitations on in-court hearings related to the COVID-19 pandemic.  Any Class Member who files a notice of intent to appear shall be provided with information required to access a telephonic or video hearing.

8.     **Class Notice**.

8.1     The Court approves the methods of providing notice to Class Members as described in the Agreement, including the Class Notice attached as Exhibit B to the Agreement and the manner of providing notice to Class Members described in Section 5 of the Agreement. The Court finds that notice as described in the Agreement is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this Action, the terms of the Agreement, and their right to object to the Settlement or to exclude themselves from the Settlement Class.  The Court further finds that the Class Notice, the Settlement website, and the other forms of notice described in the Agreement are reasonable, constitute due, adequate, and sufficient notice

4

to all persons entitled to receive notice, and meet all legal requirements, including the requirements of Fed. R. Civ. P. 23 and due process.

8.2 The Class Notice, in the form and content of Exhibit B to the Settlement Agreement, shall be mailed by the Settlement Administrator not less than seventy-five (75) days before the Final Approval Hearing regarding the Settlement, in the manner described in the Agreement.

8.3 No later than the posting of the Class Notice, the Settlement Administrator shall establish a website containing copies of the Agreement and Exhibits, the Preliminary Approval Order, the Class Notice, Claim Form, Spanish translations of the Class Notice and Claim Form, and such other documents and information about the Settlement as Class Counsel and Defendant's Counsel agree upon. The Claim Form shall be available to download or print from the Settlement website, and signed, scanned, completed copies of the Class Form may be uploaded on the Settlement website. The Settlement website shall have a Uniform Resource Locator which identifies the Settlement website as www.OHDepreciationSettlement.com, or such other URL as Class Counsel and Defendant's Counsel agree upon. The Settlement website shall not include any advertising and shall not bear any logos or trademarks of the Defendant other than those appearing in the Agreement. The Settlement website shall cease to operate and the Administrator shall remove all information from the Settlement website no later than the Final Accounting as set forth in section 7.11 of the Agreement. Ownership of the Settlement website URL shall be transferred to Defendant within ten (10) days after operation of the Settlement website ends.

8.4 No later than the posting of the Class Notice, the Administrator shall establish a toll-free interactive voice response phone number, with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions

5

of the Class Notice and Claim Form. At Defendant's option, the Administrator may also provide live operators during select times to answer certain basic questions about the Settlement. The Administrator shall send the Class Notice and Claim Form, or Spanish translations of both, upon request of any Class Members. The phone number shall remain open and accessible through the Claim Deadline and allow for Class Members to leave recorded messages. Except for requests for the Class Notice or Claim Form, the Administrator will promptly advise Class Counsel of recorded messages left by Class Members concerning the Action and/or the Settlement, or direct any Class Members with questions that cannot be answered to Class Counsel, so that Class Counsel may timely and accurately respond to such inquiries.

8.5 Settlement Class Members may submit Claim Forms in the form attached to the Agreement as Exhibit C, requesting a Claim Settlement Payment in accordance with the terms of the Agreement. To be considered valid and timely, a Claim Form must be materially complete, signed by or on behalf of the Class Member, and either: (a) mailed to the Administrator's address as specified in the Claim Form and postmarked by _____ [45 days after Final Approval Hearing]; or (b) uploaded on the settlement website by _____ [45 days after Final Approval Hearing] ("Claim Deadline"). Claim Forms may be submitted on behalf of deceased or incapacitated Class Members only by Legally Authorized Representatives, with written evidence of authority.

8.6 No later than 30 days before the Claim Deadline, the Administrator shall mail a postcard reminder in the form attached to the Agreement as Exhibit D (the "Postcard Notice") with information regarding the Claim Deadline, the Settlement website address, and how to request a copy of the Claim Form. The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves.

4830-1068-4636.3
CORE/3503246.0008/166197350.2

8.7     No less than ten days before the Final Approval Hearing, the Administrator will provide Class Counsel and Defendant's Counsel with a declaration or affidavit attesting that Class Notice has been issued in accordance with the Preliminary Approval Order and the Agreement, confirming the timely mailing of notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq*., and identifying Persons who submitted timely and valid requests for exclusion. Class Counsel shall file the affidavit(s) or declaration(s) with the Court before the Final Approval Hearing,

8.8     Class Counsel and Defendant's Counsel as jointly agreed, along with the Administrator, are authorized prior to mailing to complete any omitted information and to make any non-substantive revisions to the Claim Form and Class Notice as necessary that do not materially reduce the rights of Class Members in order to fulfill the purposes of the Settlement. The font size, layout, and other presentation elements of the Claim Form and Class Notice may be adjusted to accommodate printing and mailing considerations.

8.9     Defendant shall comply with the notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq*., in connection with the proposed Settlement.

9.     **Settlement Administrator**.   The Court approves and authorizes Defendant to retain Atticus Administration, LLC, as the Administrator to implement the terms of the Agreement, and authorizes and directs the Administrator to (a) mail the Class Notice, the Claim Form, and the Postcard Notice; (b) establish the interactive voice response phone line system; (c); establish the Settlement website; (d) receive and process Claim Forms; and (e) carry out such other responsibilities as are provided for in the Agreement or as may be agreed to by Class Counsel and Defendant, all according to and as provided in the Agreement.

10.     **Exclusion from the Settlement Class**.   Any Class Member who wishes to be

excluded from the Settlement Class must complete and send to the Administrator, at the address listed in the Class Notice and on the Settlement website, a request for exclusion postmarked no later than _____ ("Opt-Out Deadline"), which is no less than thirty (30) days before the Final Approval Hearing.

10.1    To be valid, the request for exclusion must: (a) identify the case name; (b) identify the name and address of the Class Member; (c) be personally signed by the Class Member requesting exclusion; and (d) state a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Donofrio Class Action." Except for deceased or incapacitated Class Members for whom Legally Authorized Representatives may act with written evidence of authority, Class Members must request exclusion individually and not through another acting on their behalf, and mass or class opt outs are prohibited.

10.2    A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the Class Member desiring to opt out (a) files or has filed a separate action against any of the Released Persons, or (b) is or becomes a putative or actual class member in any other class action filed against any of the Released Persons. The Administrator shall provide Class Counsel and Defendant's Counsel a list of all timely requests for exclusion not less than ten (10) days before the Final Approval Hearing.

10.3    Except for Class Members who timely submit a valid request for exclusion from the Settlement Class, all other Class Members will be deemed to be Class Members for all purposes under the Agreement, and upon the Effective Date will be bound by its terms, including, but not limited to, the Releases in Section 9 of the Agreement and Final Judgment approving the Settlement.

4830-1068-4636.3
CORE/3503246.0008/166197350.2

10.4    If the proposed Settlement is finally approved, any Class Member who has not submitted a timely, written request for exclusion from the Settlement Class shall be bound by the Final Judgment and all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against the Defendant or any Released Persons relating to any of the Released Claims as defined in the Agreement.

10.5    If the proposed Settlement is finally approved, any Class Member who has not submitted a timely, written Request for Exclusion from the Settlement Class shall be bound by the Judgment and all subsequent proceedings, orders, and judgments, even if he or she has pending, or subsequently initiates, litigation against Defendant or any Released Persons relating to any of the Released Claims as defined in the Settlement Agreement.

11.    **Objections and Appearances**.  Any Class Member who does not submit a valid request for exclusion from the Settlement Class and who complies with the requirements of this Order and the Agreement may object to the proposed Settlement.  Any Class Member who wishes to object to the Settlement must do so in a writing filed with the Clerk of Court, and a copy mailed to the Administrator at the address identified in the Class Notice and on the Settlement website, a written statement of objection in accordance with the requirements set forth below and in the Agreement, postmarked no later than _____ ("the Objection Deadline"), which is no less than thirty (30) days before the Final Approval Hearing.

11.1    A valid written objection must include:  (a) the case name and number; (b) the name and address of the objecting Class Member and of counsel, if represented; and (c) the basis for the objection. These requirements shall also be set forth in the Class Notice and on the Settlement website.

11.2    Subject to approval of the Court, any Class Member who files and serves a

timely written objection may appear, in person or by counsel, at the Final Approval Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the Court by the Objection Deadline a notice of intention to appear at the Final Approval Hearing; and (b) mails copies of the notice to the Administrator at the address set forth in the Class Notice and on the Settlement website. The notice must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not file a notice of intention to appear in accordance with the deadlines and other requirements of this Order and the Agreement shall not be entitled to appear at the Final Approval Hearing.

11.3    Any Class Member who fails to object to the Settlement in the manner described in this Order shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

12.    **Releases**.  If the Settlement is finally approved, all Releasing Persons, including Representative Plaintiff and each Class Member, shall, by operation of the Final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged Defendant and all other Released Persons from any and all claims, Unknown Claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date of the Final Judgment and arising from a loss during the Class Periods, whether *ex contractu* or *ex*

*delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and punitive or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or federal, state or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, that any of the Representative Plaintiff or Class Members have or may have had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to:

12.1.1 Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss;

12.1.2 any and all claims that were or could have been brought pertaining to the calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation in the adjustment and/or payment of any Covered Loss; or

12.1.3 the allegations and claims contained in any complaint or amended complaint in the Action concerning the alleged systematic practice of deducting Nonmaterial Depreciation through the use of estimating software

(collectively, "Released Claims"). This release does not apply to any coverages other than for loss or damage to structures or buildings. Further, this release does not apply to Class Members' claims for replacement cost benefits under Structural Loss insurance claims that are made after entry of this Preliminary Approval Order and determined pursuant to the terms and conditions of policies of insurance.

13. **Attorneys' Fees and Expenses, and Case Contribution Awards**. Class Counsel shall not seek an award of attorneys' fees and expenses and Administrator fees and expenses in this Action in a total amount that exceeds $1.74 million. Class Counsel and Representative Plaintiff agree not to seek a service award that exceeds $7,500 for Representative Plaintiff's work

4830-1068-4636.3
CORE/3503246.0008/166197350.2

and assistance in this Action. Defendant agrees not to oppose applications for attorneys' fees and expenses and service awards that do not exceed the foregoing amounts.

14. **Preliminary Injunction**. In order to protect the continuing jurisdiction of the Court and to effectuate this Order, the Agreement, and the Settlement, all Class Members who do not timely exclude themselves from the Settlement Class, and anyone acting or purporting to act on their behalf, are preliminarily enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Released Persons; and (b) organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

15. **Service of Papers**. Class Counsel and Defendant's Counsel shall promptly furnish to each other any objections or requests for exclusion that they receive and shall file such objections with the Court on or before the Final Approval Hearing, unless such documents already appear on the Court's docket.

16. **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or Final Judgment is not entered or does not become Final, or the Effective Date does not occur; or (b) the Settlement Agreement is terminated pursuant to the terms of the Agreement for any reason. In such event, and except as provided therein, the

4830-1068-4636.3
CORE/3503246.0008/166197350.2

proposed Settlement and Agreement shall have no further force or effect, and all proceedings that have occurred with regard to the Agreement and the Proposed Settlement shall be without prejudice to the rights and contentions of the Parties and any Class Members; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement and negotiation privileges; this Order and other orders entered by the Court pursuant to the Agreement will be treated as vacated, *nunc pro tunc*; the Agreement and the Court's orders, including this Order, shall not be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

17. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or by or against Representative Plaintiff or Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

18. **Stay**. All proceedings in the Action (as defined in the Agreement) as to the claims of Representative Plaintiff against Defendant are stayed, except as necessary to effectuate the terms of the Settlement.

19. **Necessary Steps**. The Court authorizes and directs the Parties to take all other necessary and appropriate steps to implement the Settlement as set forth in the Agreement.

SO ORDERED at Dayton, Ohio, this _____ day of _____ 2022.

4830-1068-4636.3
CORE/3503246.0008/166197350.2

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

4830-1068-4636.3
CORE/3503246.0008/166197350.2

# A class action settlement involving certain Ohio homeowners' insurance structural damage claims may provide payments to those who qualify.

- A proposed settlement has been reached in a class action about whether Auto-Owners (Mutual) Insurance Company ("the Insurance Company") properly deducted nonmaterial depreciation when adjusting certain insurance claims in Ohio.

- You may be eligible for a payment if you qualify and timely submit a valid Claim Form.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THIS SETTLEMENT | |
| --- | --- |
| SUBMIT A CLAIM FORM | The only way to get a payment if you qualify. |
| ASK TO BE EXCLUDED | You get no payment. This is the only option that allows you to individually sue the Insurance Company over the claims resolved by this settlement. |
| OBJECT | Write to the Court about why you don't agree with the settlement. |
| GO TO A HEARING | Ask to speak in Court about the settlement. |
| DO NOTHING | You get no payment. You give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. If it does, and if any appeals are resolved in favor of the settlement, then money will be distributed to those who timely submit claims and qualify for payment. Please be patient.

BASIC INFORMATION ..................................................................................................3

    1.    Why was this notice issued? .............................................................3

    2.    What companies are part of the settlement? .......................................3

    3.    What is this lawsuit about? ...............................................................3

    4.    Why is this a class action? ...............................................................3

    5.    Why is there a settlement? ...............................................................3

WHO IS IN THE SETTLEMENT ...............................................................................3

    6.    How do I know if I am part of the settlement? ....................................3

    7.    Are there exceptions to being included in the Class? ............................4

    8.    I'm still not sure I'm included. ..........................................................4

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY ...............4

    9.    How much will settlement payments be? ...........................................4

HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM ...........................5

    10.    How can I get a payment? ................................................................5

    11.    When will I get my payment? ...........................................................5

    12.    What am I giving up to get a payment or stay in the Class? ...................5

EXCLUDING YOURSELF FROM THE SETTLEMENT .......................................6

    13.    How do I get out of the settlement? ...................................................6

    14.    If I don't exclude myself, can I sue the Insurance Company for the same thing later? ...................................................................................6

    15.    If I exclude myself, can I get a payment from this settlement? ..............6

THE LAWYERS REPRESENTING YOU .............................................................6

    16.    Do I have a lawyer in this case? .......................................................6

    17.    How will the lawyers and Class Representatives be paid? ....................6

OBJECTING TO THE SETTLEMENT ..................................................................7

    18.    How do I tell the Court if I don't agree with the settlement? .................7

    19.    What's the difference between objecting and asking to be excluded? ....7

THE COURT'S FINAL APPROVAL HEARING .....................................................7

    20.    When and where will the Court decide whether to approve the settlement? ..........8

    21.    Do I have to come to the hearing? .....................................................8

    22.    May I speak at the hearing? .............................................................8

IF YOU DO NOTHING .........................................................................................8

    23.    What happens if I do nothing at all? ..................................................8

GETTING MORE INFORMATION .......................................................................8

    24.    How do I get more information about the settlement? ..........................8

# BASIC INFORMATION

## 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action, including the right to claim money, and about your options regarding this settlement before the Court decides whether to give "Final Approval" to the settlement. If the Court approves the parties' Settlement Agreement, and if any appeals are resolved in favor of the settlement, then payments will be made to those who qualify and timely submit a valid claim. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.

The United States District Court for the Southern District of Ohio is overseeing this class action. The case is called *Donofrio v. Auto-Owners (Mutual) Insurance Company*, Case No. 3:19-cv-58. The person who sued is called the "Plaintiff," and the company she sued is called the "Defendant."

## 2. Which company is part of the settlement?

The settlement includes Auto-Owners (Mutual) Insurance Company ("the Insurance Company").

## 3. What is this lawsuit about?

The lawsuit claims that the Insurance Company improperly deducted depreciation attributable to costs of labor and other nonmaterial items when adjusting some homeowners' insurance claims in Ohio. The Insurance Company has maintained that it paid claims when reasonable and appropriate to do so and has denied all allegations that it acted wrongfully or unlawfully.

## 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Mary Donofrio) sue on behalf of people who have similar claims. All these people are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 5. Why is there a settlement?

The Court did not decide in favor of the Plaintiff or the Insurance Company, and has not found that the Insurance Company did anything wrong. Instead, both sides agreed to settle. That way, the parties avoid the cost of a trial and potentially an appeal, and the people who qualify will get compensation. The Class Representative and her attorneys think the settlement is best for all Class Members. The settlement does not mean that the Insurance Company did anything wrong, no trial has occurred, and no merits determinations have been made.

## WHO IS IN THE SETTLEMENT

To see if you are eligible for benefits from this settlement, you first have to determine if you are a Class Member.

## 6. How do I know if I am part of the settlement?

If you received this Notice, then you have been identified as someone who is likely to be a member of the Class. The Class includes all of the Insurance Company's property insurance policyholders, except for those excluded (see below), who made a structural damage claim: (a) for property located in the State of Ohio during the applicable Class Periods, which was a Covered Loss; that (b) resulted in an actual cash value payment during the Class Period from which Nonmaterial Depreciation was withheld, or that would have resulted in an actual cash value payment but for

the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

A Structural Loss means physical damage to a home, building, manufactured home, condo, rental dwelling, or other structure in Ohio while covered by a personal or commercial lines policy of insurance issued by the Insurance Company, including but not limited to a homeowners residential, manufactured home, condo, dwelling, commercial property, business owners, garage keepers, or rental property insurance policy.

A Covered Loss means a first party insurance claim for Structural Loss that (a) occurred during the Class Periods, and (b) the Insurance Company or a court of competent jurisdiction determined to be covered under an Ohio insurance policy issued by the company under (a) and (b) above and resulted in an ACV Payment by the Insurance Company, or would have resulted in an ACV Payment but for the deduction of Nonmaterial Depreciation.

Nonmaterial Depreciation means, in the Xactimate estimating software platform, the amount of depreciation attributable to the selection of "Depreciate Non-Material," "Depreciate Overhead and Profit" and/or "Depreciate Removal."

The Class Periods mean the following time periods:

> For policyholders with policies containing a one-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2018.

> For policyholders with policies containing a two-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2017.

## 7.    Are there exceptions to being included in the Class?

Excluded from the Class are: (a) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the deduction of Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor;"  (b) policyholders who received one or more actual cash value payments, but not replacement cost value payments, that exhausted the applicable limits of insurance; (c) policyholders whose claims were denied or abandoned without actual cash value payments; (d) Defendant and its officers and directors; (e) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (f) Class Counsel and their immediate families (collectively, "Exclusions").

## 8.    I'm still not sure I'm included.

If you are not sure whether you are included in the Class, you may call the toll-free number 1-888-230-9714 with questions or visit www.OHDepreciationSettlement.com.

### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

## 9.    How much will settlement payments be?

Class Members who complete and sign a Claim Form and timely mail it to the proper address, or submit the claim form by uploading it on the settlement website, may be eligible for a payment. Under the settlement, the Insurance Company has agreed to pay Class Members who timely submit valid claims determined as follows:  (a) for the Class Members for whom all Nonmaterial Depreciation that was withheld from ACV Payments was *not* subsequently paid, an amount equal to 100% of the net estimated Nonmaterial Depreciation that was withheld from ACV Payments and not subsequently paid, determined as described herein, plus simple interest at the rate of 5% per annum on the net estimated Nonmaterial Depreciation determined under this section, from the

date of the last ACV Payment to the date of Preliminary Approval; and (b) for Class Members for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, $25 each.

You must submit a Claim Form in order to determine whether you are eligible for and the amount of your settlement payment. If you do not, you will not receive a settlement payment. For additional details on the payment terms, please see the Settlement Agreement, which is available at www.OHDepreciationSettlement.com, or call toll free 1-888-230-9714.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

### 10. How can I get a payment?

To find out whether you are eligible for a payment, you must complete and sign a Claim Form truthfully, accurately, and completely, to the best of your ability. **You must mail the completed Claim Form to the following address, postmarked no later than DATE:**

Ohio Depreciation Settlement
c/o Atticus Administration, LLC
PO Box 64053
Saint Paul, MN 55164

You can also upload to the settlement website at www.OHDepreciationSettlement.com a signed, scanned copy of a completed Claim Form before midnight Central Daylight Time on DATE. A copy of the Claim Form was mailed with this Notice. You may obtain an additional Claim Form by calling the Settlement Administrator at 1-888-230-9714 or visiting www.OHDepreciationSettlement.com. If you sign a Claim Form as the representative of a deceased or incapacitated Class Member, you must also submit written proof that you are the legally authorized representative. If you are a contractor to whom an insurance claim was properly assigned by a policyholder, you must submit written proof of the assignment with the filed Claim Form.

### 11. When will I get my payment?

If the Court grants Final Approval of the settlement, and if any appeals are resolved in favor of the settlement, then payments will be mailed to eligible Class Members after the claims administration process is completed. This process can take time, so please be patient.

### 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means you can't individually sue the Insurance Company and the Released Persons over the claims settled in this case relating to deduction of Nonmaterial Depreciation from payments for Covered Losses. It also means that all of the Court's orders will apply to you and legally bind you.

If you submit a Claim Form, or if you do nothing and stay in the Class, you will agree to release all Released Claims against all Released Persons. "Released Claims" and "Released Persons" are defined in the Settlement Agreement, which you can request by calling 1-888-230-9714 or view at www.OHDepreciationSettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, and/or if you want to keep the right to individually sue about the issues in this case, then you must take steps to get out of the settlement. This is called excluding yourself from—or "opting out" of—the Class.

## 13.   How do I get out of the settlement?

To exclude yourself from the settlement, you must mail a letter saying that you want to be excluded from the *Donofrio et. al. v. Auto-Owners (Mutual) Insurance Company, et. al.,* Case No. 3:19-cv-58 settlement.  Your letter must include your full name, address, and be signed.  You must also include a clear statement that you wish to be excluded from the Settlement Class.  You must mail your request for exclusion postmarked by DATE to:

Ohio Depreciation Settlement
c/o Atticus Administration, LLC
PO Box 64053
Saint Paul, MN 55164

More instructions are in the Settlement Agreement available at www.OHDepreciationSettlement.com.  You cannot exclude yourself by phone, by email, or on the website.  The right to exclude yourself from the proposed settlement must be exercised individually, not as a member of a group and, except for a deceased or incapacitated Class Member, not by another person acting or purporting to act in a representative capacity.  If you request exclusion on behalf of a deceased or incapacitated Class Member, you must also submit written proof that you are the legally authorized representative.

## 14.   If I don't exclude myself, can I sue the Insurance Company for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue the Insurance Company for the claims that this settlement resolves.  You must exclude yourself from the Class to individually sue the Insurance Company over the claims resolved by this settlement.  Remember, the exclusion deadline is DATE.

## 15.   If I exclude myself, can I get a payment from this settlement?

No.  If you exclude yourself from the settlement, do not submit a Claim Form to ask for a payment.

## THE LAWYERS REPRESENTING YOU

## 16.   Do I have a lawyer in this case?

The Court appointed the following law firms to represent you and other Class Members as Class Counsel:

Erik D. Peterson (*pro hac vice*)
ERIK PETERSON LAW    OFFICES, PSC
349 E. Main Street, Suite 150
Lexington, KY 40507
T: 800-614-1957
erik@eplo.law

Stephen G. Whetstone (0088666)
WHETSTONE LEGAL, LLC
P.O. Box 6, 2 N. Main Street, Unit 2
Thornville, Ohio 43706
T: 740.785.7730
steve@whetstonelegal.com

You do not have to pay Class Counsel.  If you want to be represented by your own lawyer, and potentially have that lawyer appear in court for you in this case, you may hire one at your own expense.

## 17.   How will the lawyers and Class Representatives be paid?

Class Counsel will ask the Court for up to $1.74 million, and will ask the Court to award Class Representative $7,500 for her efforts in prosecuting this case (called a service award).  The Insurance Company agreed not to oppose the request for attorneys' fees and costs, administration,

expenses, and service award up to these amounts. The Court may award less than these amounts. The Insurance Company will pay these fees, expenses, and service award in addition to amounts due to Class Members. These payments will not reduce the amount distributed to Class Members. The Insurance Company will also separately pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the settlement or some part of it.

### 18.   How do I tell the Court if I don't agree with the settlement?

If you don't want the Court to approve the settlement you must file a written objection with the Court and send a copy to the Settlement Administrator by the deadline noted below. You should include the name of the case (*Donofrio et. al. v. Auto-Owners (Mutual) Insurance Company, et. al.,* Case No. 3:19-cv-58), your full name, address, telephone number, your signature, the specific reasons why you object to the settlement, and state whether you intend to appear at the Final Approval Hearing in person or through counsel. If you have a lawyer file an objection for you, he or she must follow all local rules and you must list the attorney's name, address, and telephone number in the written objection filed with the Court.

If you intend to appear at the Final Approval Hearing to object to the settlement, you must also provide the Court with your written objection a detailed statement of the specific legal and factual reasons for each objection, a list of any witnesses you may call at the hearing with each witness's address and summary of the witness's testimony, and a description of any documents you may present to the Court at the hearing. You or your lawyer may appear at the Final Approval Hearing if you have filed a written objection as provided above. (See the section on the "Court's Final Approval Hearing" below). The right to object to the Proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group and, except in the case of a deceased or incapacitated Class Member, not by another person acting or purporting to act in a representative capacity. If you file an objection as the representative of a Class Member, you must also submit written proof that you are the legally authorized representative.

| File the objection with the Clerk of the Court at the address below by DATE. Note: You may send it by mail, but it must be received and filed by the Clerk by this date. | And mail a copy of the objection to the Administrator at the following address so that it is postmarked by DATE: |
|---|---|
| **Court** | **Administrator** |
| Clerk of Court Walter H. Rice Federal Building 200 W. Second Street, Room 712 Dayton, Ohio 45402 | Ohio Depreciation Settlement c/o Atticus Administration, LLC PO Box 64053 Saint Paul, MN 55164 |

### 19.   What's the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class or the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. If you object, and the Court approves the settlement anyway, you will still be legally bound by the result.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**20.   When and where will the Court decide whether to approve the settlement?**

The Court has scheduled a Final Approval Hearing at _____ a.m./p.m., on DATE, at the United States District Courthouse, 200 W. Second Street, Dayton, Ohio.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them at that time.  The Court may listen to people who have asked to speak about their objection.  The Court may also decide how much to award Class Counsel for fees and expenses for representing the Class and how much to award the Class Representative as a service award.  At or after the hearing, the Court will decide whether to approve the settlement.  It is not known how long this decision will take.  Check the settlement website to make sure the hearing hasn't been rescheduled, or to see whether the Court has scheduled the hearing to proceed by video conference or teleconference only, instead of in person.

**21.   Do I have to come to the hearing?**

You are not required to attend, and Class Counsel will answer any questions that the Court may have.  If you wish to attend the hearing, you may come at your own expense.  You may also pay your own lawyer to attend, but it's not necessary, unless you choose to have a lawyer appear on your behalf to object to the settlement.

**22.   May I speak at the hearing?**

If you submitted a proper written objection to the settlement, you or your lawyer acting on your behalf may speak at the Final Approval Hearing.  You cannot speak at the Hearing if you exclude yourself.

## IF YOU DO NOTHING

**23.   What happens if I do nothing at all?**

If you do nothing, you'll get no payment from this settlement.  But, unless you exclude yourself from the settlement, you won't be able to individually sue for the claims resolved in this case.

## GETTING MORE INFORMATION

**24.   How do I get more information about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  If you have questions or if you want to request a copy of the Settlement Agreement, which provides more information, call 1-888-906-0586 or view at www.OHDepreciationSettlement.com.

**PLEASE DO NOT CALL OR WRITE THE COURT, THE JUDGE OR HIS STAFF, OR THE INSURANCE COMPANY OR ITS COUNSEL FOR INFORMATION OR ADVICE ABOUT THE SETTLEMENT**

Ì93759  N,Î

<<CLAIMANT ID>>_<<SEQ>>

<<First_Name>> <<Last_Name>>
<<Address1>> <<Address2>>
<<City>> <<State>> <<Zip>>

## CLASS ACTION SETTLEMENT CLAIM FORM

**IMPORTANT**:  If you are a Class Member and fail to submit this Claim Form, then you will receive nothing but still be bound by the settlement. If you submit this Claim Form, then you may receive a check.  You have been identified as a claimant who is likely a Class Member.

The records of Defendant Auto-Owners (Mutual) Insurance Company ("the Insurance Company") indicate that you may be a member of the Class in a case named *Donofrio v. Auto-Owners (Mutual) Insurance Company*, No. 3:19-cv-58, United States District Court for the Southern District of Ohio. However, information in the Insurance Company's records need to be reviewed to determine whether you are a member of the Class, and if so, how much money you may be entitled to receive.

Please read the accompanying Class Notice before you complete this Claim Form. To participate in this Settlement, your Claim Form must be completed to the best of your ability, signed, and then (1) mailed and postmarked by DATE; OR (2) scanned or photographed and uploaded at www.OHDepreciationSettlement.com.

If you have any questions, please visit www.OHDepreciationSettlement.com, or call 1-888-230-9714.

*Please do not call the Insurance Company or your insurance agent to discuss this lawsuit or this Claim Form. You may, however, continue to call the Insurance Company or your agent regarding any other insurance matters.*

COVERED LOSS INFORMATION:

A Structural Loss means physical damage to a home, building, manufactured home, condo, rental dwelling, or other structure in Ohio while covered by an Ohio personal or commercial lines insurance policy issued by the Insurance Company.

A Covered Loss means a first party insurance claim for Structural Loss that (a) occurred during the Class Periods, and (b) that the Insurance Company or a court determined was covered under an Ohio insurance policy issued by a company as identified above.

The "Class Periods" depend on the suit limitations period in your insurance policy.  You can find information about the Class Periods in the Class Notice with this Claim Form.

| | |
|---|---|
| Policy Number: | <<Policy Number>> |
| Claim Number: | <<Claim Number>> |
| Date of Loss: | <<MM/DD/YYYY>> |
| Address of Insured Premises: | <<P-Address>> |
| | <<P-City>> <<P-ST>> <<P-Zip>> |

*This Claim Form applies only to the Covered Loss listed above.* If you had more than one Covered Loss during the Class

Period, then you may receive separate Claim Form(s) for those losses, and you must complete and mail those Claim Form(s) to be eligible for payment on those losses.

## COMPLETE THE FOLLOWING QUESTIONS:

1. Please complete your current mailing address if the address listed above is not correct.

_____

_____

_____

2. If you assigned the insurance claim identified above to a contractor, or the insurance claim was assigned to you and you are the contractor, please list the name and address of the contractor to whom the insurance claim was assigned, when, and why. An assignment is a written agreement to allow another party, like a roofer or contractor, to recover your insurance benefits.

_____

_____

_____

Please attach written evidence of such assignment. If you are submitting this Claim Form as the contractor to whom a claim was assigned, by signing this Claim Form you agree to indemnify the Insurance Company for any loss if the policyholder also filed a Claim Form or disputes issuance of a Claim Settlement Payment to you.

3. If you are submitting this Claim Form as the legally authorized representative because the insured for the claim identified above is deceased or incapacitated, please state how and when you became the legally authorized representative. Please attach written proof of your legal authority to represent the insured.

_____

_____

_____

## SIGN AND DATE YOUR CLAIM FORM:

I affirm that I wish to make a claim associated with the class action settlement, and all information provided above is true and correct to the best of my knowledge.

Signature: _____

Print Name: _____

Date: _____

## MAIL YOUR CLAIM FORM:

Claim Forms must be postmarked by DATE and mailed to:

Ohio Depreciation Settlement
c/o Atticus Administration, LLC
PO Box 64053
Saint Paul, MN 55164

You may also complete, scan, and upload this Claim Form on the settlement website at www. OHDepreciationSettlement.com.

## CLAIMS ADMINISTRATION:

Please be patient. If you qualify for payment under the Settlement, a Settlement Check will be mailed to you. If you don't qualify, a letter will be mailed to you explaining why.

OHIO DEPRECIATION SETTLEMENT
C/O ATTICUS ADMINISTRATION
PO BOX 64053
SAINT PAUL MN 55164

**IMPORTANT NOTICE**

<<First_Name>> <<Last_Name>>
<<Address1>> <<Address2>>
<<City>> <<State>> <<Zip>>

Ì93759_N,Î

<<CLAIMANT ID>>_<<SEQ>>

**IMPORTANT NOTICE** – You are receiving this because you are likely a member of a class action lawsuit involving Auto-Owners Insurance Company and you have not submitted a Claim Form. If you fail to submit a Claim Form and you are a Class Member, then you will lose your right to seek an additional payment.

You were previously mailed a court-authorized Notice explaining that you may be a Class Member in a class action settlement regarding depreciation of estimated labor costs in making actual cash value claim payments under insurance policies. A Claim Form was included with the mailed Notice. **<u>Our records indicate that you have not submitted a Claim Form or request for exclusion.</u>**

This is only a reminder. For more information regarding the proposed Settlement, including who's included in the settlement class and important deadlines, please review the Notice and other content on the settlement website at <u>www.OHDepreciationSettlement.com</u>, or call 1-888-230-9714.

In order to receive any monetary benefits from the settlement, you must complete a Claim Form and mail it to the following address postmarked no later than DATE:

Ohio Depreciation Settlement
c/o Atticus Administration, LLC
PO Box 64053
Saint Paul, MN 55164

If you did not receive or no longer have the Notice or Claim Form, you may request that they be mailed to you by calling the phone number on this postcard. You may also download them at <u>www.OHDepreciationSettlement.com</u>. You may also call with any questions you have about the proposed Settlement. Please do not call Auto-Owners or your agent to discuss this lawsuit or whether to file a claim form.

**<u>IN ORDER TO PARTICIPATE IN THIS SETTLEMENT, YOUR CLAIM FORM MUST BE SUBMITTED OR POSTMARKED NO LATER THAN DATE.</u>**

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
SOUTHERN DIVISION
AT DAYTON

MARY DONOFRIO,
individually and on behalf of all other Ohio
residents similarly situated,

        Plaintiff,

    v.

AUTO-OWNERS (MUTUAL) INSURANCE
COMPANY
6101 Anacapri Blvd.
Lansing, Michigan 48917-3999,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 3:19-cv-58- WHR

## [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

The claims of Representative Plaintiff Mary Donofrio ("Representative Plaintiff") against

Defendant Auto-Owners (Mutual) Insurance Company ("Defendant"), have been settled pursuant

to the Stipulation and Settlement Agreement dated March 10, 2022 (the "Agreement"). On

_____, 2022, the Court granted preliminary approval of the proposed class action

settlement set forth in the Agreement (the "Settlement") and provisionally certified the Settlement

Class for settlement purposes only.

On _____, 2022, the Court held a duly noticed final approval hearing

to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and

adequate; (2) whether judgment should be entered dismissing the Representative Plaintiff's claims

on the merits and with prejudice, including the claims of Class Members who have not requested

exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees

and expenses to Class Counsel and service awards to the Representative Plaintiff.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1.     The terms and conditions in the Agreement that was attached to the motion for preliminary approval filed with the Court are hereby incorporated as though fully set forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Agreement.

2.     The Court has personal jurisdiction over Representative Plaintiff, Defendant, and Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and the Court has jurisdiction to enter this Judgment. Without in any way affecting the finality of this Judgment, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, construction, and interpretation of the Agreement and of this Judgment. Further, the Court retains jurisdiction to protect, preserve, and implement the Agreement, including, but not limited to, enforcement of the releases contained in the Agreement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement.

3.     The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in extensive and multiple settlement negotiation sessions. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial and any appeals that might be taken, and the likelihood of success.

4.     The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b) have been satisfied for settlement purposes in that: (a) the number of Class Members is

so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Representative Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Representative Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to Class Members predominate over any questions affecting any individual Class Member; (f) the Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.      Accordingly, and pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the Settlement Class for settlement purposes only, as identified in the Settlement Agreement, defined as follows:

a.      All policyholders within the Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendant and its officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").

b.      "Settlement Class" means, except for Exclusions, all of Defendant's property insurance policyholders who made a Structural Loss claim: (a) for property located in the State of Ohio during the applicable Class Periods as defined in Section 2.12; that (b) resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

e.      Class Periods mean the following time periods:

<ol start="1" type="i" style="margin-left:2em;">
<li>For policyholders with policies containing a one-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2018.</li>
<li>For policyholders with policies containing a two-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2017.</li>
</ol>

6.     Pursuant to Fed. R. Civ. P. 23(g), the Court appoints attorneys Erik D. Peterson, of Erik Peterson Law Offices, PSC, and Stephen G. Whetstone, of Whetstone Legal, LLC as Class Counsel for the Settlement Class.

7.     The Court also designates Representative Plaintiff Mary Donofrio ("Representative Plaintiff") as the representative of the Settlement Class.

8.     The Court makes the following findings with respect to Class Notice to the Settlement Class:

a.     The Court finds that the Class Notice, the establishment of an automated toll-free interactive voice response phone system, and the Settlement website, all as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with all legal requirements, including the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

b.     Class Counsel has filed with the Court a declaration from Atticus Administration, LLC, the independent third-party Administrator for the Settlement, establishing that the Class Notice and Claim Form were mailed to Class Members on _____, 2022, the Settlement website was established on _____, 2022 and the telephone line available for Class Members to call was available beginning _____, 2022. Adequate notice was given to the Settlement Class in compliance with the Settlement Agreement and the Preliminary Approval Order.

9.     Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Class Notice and on the Settlement website. The Court finds that the individual interests of the _____ persons who timely sought exclusion from

the Settlement Class are preserved and that no person was precluded from being excluded from the Settlement Class if desired. Those persons who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit 1.

10. Defendant has complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq*., in connection with the proposed Settlement.

11. [description of objections, if any]. The Court finds that the objections to the Settlement do not establish that the proposed Settlement is unfair, unreasonable, inadequate, or should otherwise not be approved, and are hereby overruled.

12. Class Members who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Judgment, to Class Counsel's application for fees, costs, and expenses, or to the service award to the Representative Plaintiff, in accordance with the procedure set forth in the Class Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

13. The terms and provisions of the Agreement, including all Exhibits thereto, have been entered into in good faith and, pursuant to Fed. R. Civ. P. 23(e), are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Class Members. The Court hereby enters judgment approving and adopting the Settlement and the Agreement, fully and finally terminating the Released Claims of Representative Plaintiff and the Settlement Class in this Action against Defendant, on the merits and with prejudice.

14. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees in the total amount of _____ dollars ($_____) and expenses in the total amount of _____ dollars ($_____), payable by Defendant pursuant to the terms of the Agreement. The Court also awards a service award in the amount of $7,500 to

5

Representative Plaintiff, payable by Defendant pursuant to the terms of the Agreement. Defendant shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto of attorneys' fees and expenses awarded by the Court.

15.     The terms of the Agreement, including all Exhibits thereto, and of this Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in and on, all Released Claims by Representative Plaintiff and each Class Member who did not timely and properly exclude himself or herself from the Settlement Class, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns, and all other Releasing Persons.

16.     The Releases set forth in Section 9 of the Settlement Agreement are incorporated herein in all respects and are effective as of the entry of this Judgment. The Released Persons are forever released, relinquished, and discharged by the Releasing Persons, including all Class Members who did not timely exclude themselves from the Settlement Class, from all Released Claims (as that term is defined below and in the Settlement Agreement).

a.    Although the definitions in the Agreement are incorporated in and a part of this Judgment, for avoidance of doubt and ease of reference, some of those definitions are repeated as follows:

i.      "ACV Payment" means an actual cash value payment made on an insurance claim for a Structural Loss, calculated by estimating the replacement cost value of covered damage, and subtracting estimated depreciation, including Nonmaterial Depreciation, and any applicable deductible.

ii.     "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity directly or indirectly. The term "control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through the ownership of voting securities, by contract or otherwise, and the terms "controlled" and "controlling" have meanings correlative thereto.

iii.     "Covered Loss" means a first party insurance claim for Structural Loss, as

defined below, that (a) occurred during the Class Periods, and (b) resulted in an ACV Payment by Defendant, or would have resulted in an ACV Payment but for the deduction of Nonmaterial Depreciation.

iv. "Effective Date" means the date on which all of the following conditions have been satisfied: (A) The District Court has entered a Final Approval Order that conforms to the terms and conditions required by this Agreement; and (B) the Final Approval Order and judgment have become final.

v. "Final" when referring to a judgment or order means that: (A) all periods within which to file an appeal from the order or judgment have expired without the filing of any appeal, or (B) in the event that an appeal from the order of judgment is filed, a final order has been entered disposing of the appeal, and any time for seeking leave to appeal or time for further appeal has expired.

vi. "Nonmaterial Depreciation" means, in the Xactimate estimating software platform, the amount of depreciation attributable to the selection of "Depreciate Non- Material," "Depreciate Overhead and Profit" and/or "Depreciate Removal."

vii. "Released Persons" means, individually and collectively, (a) Defendant and all independent adjusting companies acting on its behalf; and (b) all of the past and present Affiliates, successors and predecessors in interest, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, underwriters, advisers, insurers, co-insurers, re-insurers, consultants, vendors, independent contractors, and legal representatives of the Persons listed in subsection (a).

viii. "Releasing Persons" means Representative Plaintiff, all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

ix. "Structural Loss" means physical damage to a home, building, manufactured home, condo, rental dwelling, or other structure in the State of Ohio while covered by a homeowners residential, manufactured home, condo, dwelling or rental property insurance policy issued by Defendant.

b. Representative Plaintiff and each Class Member, shall, by operation of the Final

Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released,

relinquished, and discharged Defendant and all other Released Persons from any and all claims,

Unknown Claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Periods, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and punitive or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or under federal, state or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, that any of the Representative Plaintiff or Class Members have or may have had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to:

    i.    Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss;

    ii.    any and all claims that were or could have been brought, whether based upon contract, statute, regulation, or tort, pertaining to the calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation in the adjustment and/or payment of any Covered Loss; or

    iii.    the allegations and claims contained in any complaint or amended complaint in the Action concerning the alleged systematic practice of deducting Nonmaterial Depreciation through the use of estimating software

("Released Claims").  Released Claims do not include claims under any coverages other than for loss or damage to structures or buildings.  Further, Released Claims do not apply to Class Members' claims for replacement cost benefits under Structural Loss insurance claims that are made after the date of Preliminary Approval and determined pursuant to the terms and

conditions of policies of insurance.

     c.   In agreeing to the foregoing Releases, Representative Plaintiff, for herself and on behalf of Class Members, explicitly acknowledge that Unknown Claims within the scope of Released Claims could possibly exist and that any present losses may have been underestimated in amount or severity. Representative Plaintiff or any Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such claims may change. Nonetheless, Representative Plaintiff and each Class Member expressly agree that he/she/they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims, including Unknown Claims. Further, Representative Plaintiff and Class Members agree and acknowledge that they are bound by this Agreement, including by the Releases, and that all of their claims in the Action asserted against Defendant shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received actual notice of the Settlement or received a Claim Settlement Payment. The Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

     d.   This Judgment does not release and determine: (i) claims arising after the Effective Date; (ii) claims for valuation or payment of a Covered Loss under any property insurance

9

policies issued by Defendant not related to the withholding of payment for Nonmaterial Depreciation; and (iii) Class Members' rights and obligations under the Agreement.

e. Representative Plaintiff and Class Counsel have represented and warranted that there are no outstanding liens or claims against the Action and have acknowledged that Representative Plaintiff and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action.

f. Representative Plaintiff and each Class Member is deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

g. The Releases do not affect the rights of persons in the Settlement Class who timely and properly submitted a request for exclusion.

h. The Agreement shall be the exclusive remedy for all Class Members with regards to the Released Claims.

17. Neither the Agreement, the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Judgment, nor any of its terms and provisions, nor any pleadings, motions, or other document related in any way to the Agreement shall be:

a. Construed as an admission or concession by Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by Defendant or any Released Persons;

b. Offered or admitted into evidence in the Action or in any other proceeding in support of or in opposition to a motion to certify a contested class against Defendant or any Released Persons;

c.  Offered or admitted into evidence in the Action or in any other proceeding as an admission or concession of liability or wrongdoing by Defendant or Released Persons;

d.  Offered or received in evidence in any action or proceeding against any Defendant or the Released Persons in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases or this Judgment.

18.  If the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

19.  This Judgment and the Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person in order to support any argument, defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

20.  Representative Plaintiff and all Class Members and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Released Persons, and from organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit regarding any Released Claims against any

Released Persons.  Any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

21.    Within 10 days after the Effective Date, Representative Plaintiff and Class Members shall dismiss with prejudice all Released Claims asserted in any actions or proceedings that have been brought by or involve any Class Member in any jurisdiction.

22.    The Released Claims of Representative Plaintiff, individually and on behalf of the Settlement Class, are hereby settled, compromised, and dismissed on the merits and with prejudice against Defendant without fees (including attorneys' fees) or costs to any party except as otherwise provided in this Judgment.

23.    The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by Orders of this Court.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

24.    Pursuant to Rule 54(b), the Court hereby enters Final Judgment as described herein and expressly determines that there is no just reason for delay.  Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Agreement and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

DONE and ORDERED in Dayton, Ohio, this _____ day of _____, 2022.


_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

CORE/3503246.0008/166197360.2