UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
SOUTHERN DIVISION
AT DAYTON

| | |
|---|---|
| MARY DONOFRIO,<br>individually and on behalf of all other Ohio<br>residents similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTO-OWNERS (MUTUAL) INSURANCE<br>COMPANY<br>6101 Anacapri Blvd.<br>Lansing, Michigan 48917-3999,<br><br>Defendant. | CASE NO. 3:19-cv-58<br><br>Judge Walter H. Rice |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, DIRECTING CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

Upon review and consideration of Motion for Preliminary Approval of Class Action Settlement of Representative Plaintiff Mary Donofrio ("Representative Plaintiff"), with Defendant Auto-Owners (Mutual) Insurance Company ("Defendant"), including the parties' Stipulation and Settlement Agreement dated March 10, 2022 (the "Agreement") and all exhibits thereto, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Settlement.** Representative Plaintiff and Defendant have negotiated a proposed settlement of Representative Plaintiff's claims in this action, individually and on behalf of a class of policyholders of the Defendant, described below as the Settlement Class, to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims against the Released Persons as set forth in the Agreement. The Court has carefully reviewed the Agreement,

as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Agreement are incorporated here as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the same definitions that are in the Agreement.

2. **Preliminary Approval.** The Agreement entered into by and among the Representative Plaintiff and Defendant was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing.

3. **Settlement Class Relief.** The proposed Claim Settlement Payments to Class Members and the settlement consideration, as identified in Sections 4, 6, and 7 of the Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall be defined as:

> 3.1 All policyholders within the Ohio Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendant and its officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").

> 3.2 "Settlement Class" means, except for Exclusions, all of Defendant's property insurance policyholders who made a Structural Loss claim: (a) for property located in the State of Ohio during the applicable Class Periods as defined in Section 2.12; that (b) resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

2

3.3     Class Periods mean the following time periods:

For policyholders with policies containing a one-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2018.

For policyholders with policies containing a two-year suit limitations period, Structural Loss claims with dates of loss on or after February 25, 2017.

4.     **Preliminary Certification of Settlement Class.** For settlement purposes only, the Court makes the following determinations as to certification of the Settlement Class:

4.1     The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

4.2     The Settlement Class is so numerous that joinder of all members is impracticable;

4.3     There are questions of law or fact common to the members of the Settlement Class;

4.4     The claims of the Representative Plaintiff are typical of the claims of other Class Members;

4.5     Representative Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Agreement;

4.6     Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; and

4.7     Resolution of Class Members' claims pursuant to the Agreement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

5.     **Designation of Class Representative.** Representative Plaintiff is designated as the representative of the Settlement Class for the purpose of seeking approval of and administering

the Settlement Agreement.

6. **Designation of Class Counsel.** Attorneys Erik D. Peterson, of Erik Peterson Law Offices, PSC and Stephen G. Whetstone, of Whetstone Legal, LLC are designated as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

7. **Final Approval Hearing.** A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at 2:30pm on Tuesday, July 5, 2022, in Dayton, Ohio before the honorable Walter H. Rice, to determine, among other things: (i) whether final judgment should be entered resolving and approving the Settlement of Representative Plaintiff's and the Settlement Class claims against Defendant in the Action as fair, reasonable, and adequate; (ii) whether the Representative Plaintiff's and Settlement Class claims against Defendant in the Action should be dismissed with prejudice pursuant to the Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; and (iv) whether the application of Class Counsel for an award of attorneys' fees and expenses and for proposed service awards to Representative Plaintiff should be approved and in what amounts. The Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video conference so as to allow the Final Approval Hearing to proceed despite limitations on in-court hearings related to the COVID-19 pandemic. Any Class Member who files a notice of intent to appear shall be provided with information required to access a telephonic or video hearing.

8. **Class Notice.**

8.1 The Court approves the methods of providing notice to Class Members as described in the Agreement, including the Class Notice attached as Exhibit B to the Agreement and the manner of providing notice to Class Members described in Section 5 of the Agreement.

4830-1068-4636.3
CORE/3503246.0008/166197350.2

The Court finds that notice as described in the Agreement is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this Action, the terms of the Agreement, and their right to object to the Settlement or to exclude themselves from the Settlement Class. The Court further finds that the Class Notice, the Settlement website, and the other forms of notice described in the Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet all legal requirements, including the requirements of Fed. R. Civ. P. 23 and due process.

8.2    The Class Notice, in the form and content of Exhibit B to the Settlement Agreement, shall be mailed by the Settlement Administrator not less than seventy-five (75) days before the Final Approval Hearing regarding the Settlement, in the manner described in the Agreement.

8.3    No later than the posting of the Class Notice, the Settlement Administrator shall establish a website containing copies of the Agreement and Exhibits, the Preliminary Approval Order, the Class Notice, Claim Form, Spanish translations of the Class Notice and Claim Form, and such other documents and information about the Settlement as Class Counsel and Defendant's Counsel agree upon. The Claim Form shall be available to download or print from the Settlement website, and signed, scanned, completed copies of the Class Form may be uploaded on the Settlement website. The Settlement website shall have a Uniform Resource Locator which identifies the Settlement website as www.OHDepreciationSettlement.com, or such other URL as Class Counsel and Defendant's Counsel agree upon. The Settlement website shall not include any advertising and shall not bear any logos or trademarks of the Defendant other than those appearing in the Agreement. The Settlement website shall cease to operate and the Administrator shall

5

remove all information from the Settlement website no later than the Final Accounting as set forth in section 7.11 of the Agreement. Ownership of the Settlement website URL shall be transferred to Defendant within ten (10) days after operation of the Settlement website ends.

  8.4 No later than the posting of the Class Notice, the Administrator shall establish a toll-free interactive voice response phone number, with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the Class Notice and Claim Form. At Defendant's option, the Administrator may also provide live operators during select times to answer certain basic questions about the Settlement. The Administrator shall send the Class Notice and Claim Form, or Spanish translations of both, upon request of any Class Members. The phone number shall remain open and accessible through the Claim Deadline and allow for Class Members to leave recorded messages. Except for requests for the Class Notice or Claim Form, the Administrator will promptly advise Class Counsel of recorded messages left by Class Members concerning the Action and/or the Settlement, or direct any Class Members with questions that cannot be answered to Class Counsel, so that Class Counsel may timely and accurately respond to such inquiries.

  8.5 Settlement Class Members may submit Claim Forms in the form attached to the Agreement as Exhibit C, requesting a Claim Settlement Payment in accordance with the terms of the Agreement. To be considered valid and timely, a Claim Form must be materially complete, signed by or on behalf of the Class Member, and either: (a) mailed to the Administrator's address as specified in the Claim Form and postmarked by Friday, August 19, 2022; or (b) uploaded on the settlement website by Friday, August 19, 2022 ("Claim Deadline"). Claim Forms may be submitted on behalf of deceased or incapacitated Class Members only by Legally

6

4830-1068-4636.3
CORE/3503246.0008/166197350.2

Authorized Representatives, with written evidence of authority.

8.6     No later than 30 days before the Claim Deadline, the Administrator shall mail a postcard reminder in the form attached to the Agreement as Exhibit D (the "Postcard Notice") with information regarding the Claim Deadline, the Settlement website address, and how to request a copy of the Claim Form. The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves.

8.7     No less than ten days before the Final Approval Hearing, the Administrator will provide Class Counsel and Defendant's Counsel with a declaration or affidavit attesting that Class Notice has been issued in accordance with the Preliminary Approval Order and the Agreement, confirming the timely mailing of notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, and identifying Persons who submitted timely and valid requests for exclusion. Class Counsel shall file the affidavit(s) or declaration(s) with the Court before the Final Approval Hearing,

8.8     Class Counsel and Defendant's Counsel as jointly agreed, along with the Administrator, are authorized prior to mailing to complete any omitted information and to make any non-substantive revisions to the Claim Form and Class Notice as necessary that do not materially reduce the rights of Class Members in order to fulfill the purposes of the Settlement. The font size, layout, and other presentation elements of the Claim Form and Class Notice may be adjusted to accommodate printing and mailing considerations.

8.9     Defendant shall comply with the notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq.*, in connection with the proposed Settlement.

7

9. **Settlement Administrator.** The Court approves and authorizes Defendant to retain Atticus Administration, LLC, as the Administrator to implement the terms of the Agreement, and authorizes and directs the Administrator to (a) mail the Class Notice, the Claim Form, and the Postcard Notice; (b) establish the interactive voice response phone line system; (c); establish the Settlement website; (d) receive and process Claim Forms; and (e) carry out such other responsibilities as are provided for in the Agreement or as may be agreed to by Class Counsel and Defendant, all according to and as provided in the Agreement.

10. **Exclusion from the Settlement Class.** Any Class Member who wishes to be excluded from the Settlement Class must complete and send to the Administrator, at the address listed in the Class Notice and on the Settlement website, a request for exclusion postmarked no later than Friday, June 3, 2022 ("Opt-Out Deadline"), which is no less than thirty (30) days before the Final Approval Hearing.

10.1 To be valid, the request for exclusion must: (a) identify the case name; (b) identify the name and address of the Class Member; (c) be personally signed by the Class Member requesting exclusion; and (d) state a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Donofrio Class Action." Except for deceased or incapacitated Class Members for whom Legally Authorized Representatives may act with written evidence of authority, Class Members must request exclusion individually and not through another acting on their behalf, and mass or class opt outs are prohibited.

10.2 A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the Class Member desiring to opt out (a)

files or has filed a separate action against any of the Released Persons, or (b) is or becomes a putative or actual class member in any other class action filed against any of the Released Persons. The Administrator shall provide Class Counsel and Defendant's Counsel a list of all timely requests for exclusion not less than ten (10) days before the Final Approval Hearing.

10.3 Except for Class Members who timely submit a valid request for exclusion from the Settlement Class, all other Class Members will be deemed to be Class Members for all purposes under the Agreement, and upon the Effective Date will be bound by its terms, including, but not limited to, the Releases in Section 9 of the Agreement and Final Judgment approving the Settlement.

10.4 If the proposed Settlement is finally approved, any Class Member who has not submitted a timely, written request for exclusion from the Settlement Class shall be bound by the Final Judgment and all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against the Defendant or any Released Persons relating to any of the Released Claims as defined in the Agreement.

10.5 If the proposed Settlement is finally approved, any Class Member who has not submitted a timely, written Request for Exclusion from the Settlement Class shall be bound by the Judgment and all subsequent proceedings, orders, and judgments, even if he or she has pending, or subsequently initiates, litigation against Defendant or any Released Persons relating to any of the Released Claims as defined in the Settlement Agreement.

11. **Objections and Appearances.** Any Class Member who does not submit a valid request for exclusion from the Settlement Class and who complies with the requirements of this Order and the Agreement may object to the proposed Settlement. Any Class Member who wishes

9
4830-1068-4636.3
CORE/3503246.0008/166197350.2

to object to the Settlement must do so in a writing filed with the Clerk of Court, and a copy mailed to the Administrator at the address identified in the Class Notice and on the Settlement website, a written statement of objection in accordance with the requirements set forth below and in the Agreement, postmarked no later than Friday, June 3, 2022 ("the Objection Deadline"), which is no less than thirty (30) days before the Final Approval Hearing.

11.1 A valid written objection must include: (a) the case name and number; (b) the name and address of the objecting Class Member and of counsel, if represented; and (c) the basis for the objection. These requirements shall also be set forth in the Class Notice and on the Settlement website.

11.2 Subject to approval of the Court, any Class Member who files and serves a timely written objection may appear, in person or by counsel, at the Final Approval Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the Court by the Objection Deadline a notice of intention to appear at the Final Approval Hearing; and (b) mails copies of the notice to the Administrator at the address set forth in the Class Notice and on the Settlement website. The notice must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not file a notice of intention to appear in accordance with the deadlines and other requirements of this Order and the Agreement shall not be entitled to appear at the Final Approval Hearing.

11.3 Any Class Member who fails to object to the Settlement in the manner described in this Order shall be deemed to have waived any objection, shall not be permitted to

4830-1068-4636.3
CORE/3503246.0008/166197350.2

object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

12. **Releases.** If the Settlement is finally approved, all Releasing Persons, including Representative Plaintiff and each Class Member, shall, by operation of the Final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged Defendant and all other Released Persons from any and all claims, Unknown Claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date of the Final Judgment and arising from a loss during the Class Periods, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and punitive or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or federal, state or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, that any of the Representative Plaintiff or Class Members have or may have had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to:

    12.1.1 Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss;

    12.1.2 any and all claims that were or could have been brought pertaining to the calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation in the adjustment and/or payment of any Covered Loss; or

11

   12.1.3 the allegations and claims contained in any complaint or amended complaint in the Action concerning the alleged systematic practice of deducting Nonmaterial Depreciation through the use of estimating software

(collectively, "Released Claims"). This release does not apply to any coverages other than for loss or damage to structures or buildings. Further, this release does not apply to Class Members' claims for replacement cost benefits under Structural Loss insurance claims that are made after entry of this Preliminary Approval Order and determined pursuant to the terms and conditions of policies of insurance.

  13. **Attorneys' Fees and Expenses, and Case Contribution Awards.** Class Counsel shall not seek an award of attorneys' fees and expenses and Administrator fees and expenses in this Action in a total amount that exceeds $1.74 million. Class Counsel and Representative Plaintiff agree not to seek a service award that exceeds $7,500 for Representative Plaintiff's work and assistance in this Action. Defendant agrees not to oppose applications for attorneys' fees and expenses and service awards that do not exceed the foregoing amounts.

  14. **Preliminary Injunction.** In order to protect the continuing jurisdiction of the Court and to effectuate this Order, the Agreement, and the Settlement, all Class Members who do not timely exclude themselves from the Settlement Class, and anyone acting or purporting to act on their behalf, are preliminarily enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Released Persons; and (b) organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in

a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

15. **Service of Papers**. Class Counsel and Defendant's Counsel shall promptly furnish to each other any objections or requests for exclusion that they receive and shall file such objections with the Court on or before the Final Approval Hearing, unless such documents already appear on the Court's docket.

16. **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or Final Judgment is not entered or does not become Final, or the Effective Date does not occur; or (b) the Settlement Agreement is terminated pursuant to the terms of the Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Agreement shall have no further force or effect, and all proceedings that have occurred with regard to the Agreement and the Proposed Settlement shall be without prejudice to the rights and contentions of the Parties and any Class Members; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement and negotiation privileges; this Order and other orders entered by the Court pursuant to the Agreement will be treated as vacated, *nunc pro tunc*; the Agreement and the Court's orders, including this Order, shall not be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

4830-1068-4636.3
CORE/3503246.0008/166197350.2

17. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or by or against Representative Plaintiff or Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

18. **Stay**. All proceedings in the Action (as defined in the Agreement) as to the claims of Representative Plaintiff against Defendant are stayed, except as necessary to effectuate the terms of the Settlement.

19. **Necessary Steps**. The Court authorizes and directs the Parties to take all other necessary and appropriate steps to implement the Settlement as set forth in the Agreement.

SO ORDERED at Dayton, Ohio, this  18th  day of  march  2022.

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

14

4830-1068-4636.3
CORE/3503246.0008/166197350.2